HENRY K. BAKER and others, receivers, *vs.* HENRY COOPER, jr.

Where an execution in favor of an insolvent bank has been legally extended on real estate and seisin thereof delivered to the receivers, they may maintain, in their own names, a process of forcible entry and detainer against the execution debtor, provided he continues in possession without their consent.

And the process may be commenced and maintained before the expiration of the time for the redemption of the levy.

By R. S., c. 47, § 64, it is made the duty of the receivers to take immediate possession of all the real as well as personal estate of an insolvent bank.

To maintain the process of forcible entry and detainer, it is not essential that the defendant should be the tenant of the plaintiff. It is sufficient under R. S., c. 94, § 1, if the defendant be a disseisor of the plaintiff and has not acquired any claim by possession and improvement.

Objections to the admission of evidence must be specific in order to sustain exceptions.

The admission of evidence wholly immaterial is not the subject of exceptions.

ON EXCEPTIONS.

FORCIBLE ENTRY AND DETAINER tried before the municipal court of Hallowell, and 'brought to this court by appeal by the defendant.

The plaintiffs introduced, against the objection of the defendant, the injunction of this court on the American Bank, made perpetual Sept. 12, 1865; the appointment of the plaintiffs as receivers of said bank, made the same day; and their bond, filed and approved Sept. 19, 1865; and proved that they took possession of the assets of said bank Sept. 26, 1865; also, the record of a judgment in the name of the American Bank against this defendant, recovered in this court at the November term, 1867, on which an execution issued, and a levy was made on the premises in dispute Dec. 27, 1867, and recorded Feb. 21, 1868. An attachment of real estate was made on the original writ Aug. 5, 1865. Also, a copy of an assignment in bankruptcy of defendant's property, made by S. S. Marble, register, to W. P. Whitehouse, his assignee, dated Feb. 21, 1868, and recorded in the Kennebec registry March 18, 1868. It was admitted that written notice to quit the premises, signed by the

Baker *v.* Cooper.

plaintiffs, was left with the defendant thirty days before the time therein named for him to quit, and before the commencement of this process.

And the case was thereupon submitted to the determination of the presiding judge under the statute, each party reserving the right of exception. The presiding judge was of the opinion that the evidence offered was admissible, and that the action was maintained, and ordered judgment for the plaintiffs; and the defendant alleged exceptions.

*J. Baker*, for the plaintiffs.

*A. G. Stinchfield*, for the defendant.

WALTON, J. This case was submitted to the determination of the presiding judge, each party reserving the right to except. The presiding judge ordered judgment for the plaintiffs, and the defendant excepts.

1. The defendant contends that the action is improperly brought in the name of the receivers; that it should have been commenced in the name of the bank. We hold otherwise. The object of the suit is to obtain possession of the real estate in question for the receivers, and not for the bank. A suit in the name of the bank would not accomplish that purpose; for the execution, or writ of possession, if one was obtained, would require the officer executing it, to put the bank, and not the receivers, into possession. As it is the receivers that are seeking to obtain possession, we think the suit is properly brought in their names. It is the direct road to the end in view. A suit in the name of the bank would be circuitous, and result doubtful.

2. The defendant contends that the action was prematurely brought; that it should not have been commenced till the expiration of the year within which he had a right to redeem. We think otherwise. We understand the law to be well settled, that when real estate is legally levied on, the creditor may forthwith maintain a real action, or an action of trespass even, against the debtor, if he

continues in possession, without his consent. *Gove* v. *Brazier*, 3 Mass. 523.

3. The defendant contends that the plaintiffs have no right to go into possession of the real estate of the bank; that their only power is to sell it. We think the law is otherwise. We think it was not only the right, but the duty of the receivers, to take immediate possession of all the real as well as the personal estate of the bank; and to commence suits if necessary to obtain such possession. R. S., c. 47, § 64.

4. The defendant contends further that this process will not lie, because the defendant was never tenant to the plaintiffs. It is not necessary that he should have been their tenant. The law now allows such process to be commenced against a disseisor. R. S., c. 94, § 1.

5. The exceptions state that all the evidence introduced by the plaintiffs was objected to by the defendant, but no specific objection appears to have been made to any of it. We think the objection was properly overruled. So far as we are able to discover, the evidence was not only legally admissible, but essential to the maintenance of the suit, except, perhaps, that portion of it which relates to the defendant's bankruptcy. That was wholly immaterial, and could not have changed the result. *Exceptions overruled.*

*Judgment for plaintiffs.*

Appleton, C. J.; Kent, Barrows, Danforth, and Tapley, JJ., concurred.