IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

FEBRUARY TERM, 1887.

GEORGE WILKINSON, RECEIVER, v. CHARLOTTE L.
RUTHERFORD.

1. A receiver appointed by the Chancellor to collect the assets of an insolvent savings institution, by force of the statute authorizing such appointment, but which gives to such officer no express authority to bring suits in his own name, may nevertheless so sue, as he is an assignee, by legal intendment, of the property and choses in action so committed to him.
2. The case of *Baldwin* v. *Flagg*, 14 *Vroom* 496, that holds that the statute prohibitory of a suit on a bond until after foreclosure is void as to antecedent obligations, followed.

Suit on bond, secured by a mortgage, dated May 26th, 1880. The bond, as shown by the declaration, had been given by the defendant to the Newark Savings Institution, which, being decreed to be insolvent, the Chancellor had appointed the plaintiff receiver. There was a demurrer to the declaration.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Cortlandt & Wayne Parker.*

For the defendant, *John R. Emery.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. In *Baldwin* v. *Flagg*, 14 *Vroom* 495, this court adjudged that the act of March 23d, 1881, which prohibited a suit on a bond secured by a mortgage prior to the conclusion of proceedings of foreclosure, was invalid, on constitutional grounds, so far as the same was applicable to such instruments that were in existence at the time of the passage of that enactment. The bond forming the basis of the present action stands within the class of obligations thus protected. That this is the case is admitted, but it is insisted that the prior statute, enacted on March 12th, 1880, and which is anterior to the date of the bond in question (*Pamph. L.* 1880, *p.* 255), has a similar effect, and, equally with the later law, prevents a prosecution of the bond until after the foreclosure of the attendant mortgage. Such an interdict is not, certainly, expressed by the terms of the act, and there is nothing in the scope or purpose of the law from which such an intendment can arise. This statute, in the first section, forbids a decree for the deficiency that on a foreclosure may be found to exist, and then, in the second section, prescribes, quite unnecessarily as it would seem, "that it shall be lawful first to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in that case it shall be lawful to proceed on the bond for the deficiency," &c. In this adjustment there is no requirement that a foreclosure shall precede an action on the bond, and it is the subsequent act of 1881 that for the first time introduces such a regulation. This legislation, therefore, cannot affect or control the present suit.

The second illegality imputed to this proceeding is that the suit should have been brought in the name of the Newark Savings Institution, and not in the name of its receiver.    The question thus raised is not without its difficulties, as is apparent from the contrariety of decisions upon the subject.

The bond in this case is payable to the corporation represented by the plaintiff as receiver, and the contention is that as the statute, by virtue of which the receivership has been created, is silent as to the powers annexed to such office, a right to sue in his own name has not been imparted to him. This proposition has undoubtedly considerable authority in its favor; so much, indeed, that a recent text writer has declared it to be the doctrine that has in general found favor in the courts.    *High on Receivers*, § 209.    The rule thus affirmed is that the receiver must sue in the name of the person having the legal right when neither the statute law nor the order of his appointment authorizes him to proceed in his own name; he must proceed in the name of the person in whom the right of action existed before his appointment.

In the instance now before the court the plaintiff was constituted a receiver by virtue of the power conferred upon the Chancellor by the act of 1878 (*Pamph. L.* 1878, *p.* 421), being a supplement to the act concerning savings banks.    In a certain stage of the proceedings in equity in cases of the alleged insolvency of one of these institutions, this statute provides "that the Chancellor shall, by order, direct the cessation of its business, except so far as shall be necessary to collect and distribute its assets equally among those entitled to share the same, appointing a receiver or receivers, or continuing such directors or managers, or any of them, as he shall deem best; and thereupon said assets shall, under his direction, be collected, or their value realized by sale under his direction," &c.    The declaration alleges that by force of this provision the "plaintiff was appointed, continued and confirmed as receiver of the Newark Savings Institution, for the purpose of collecting and distribution of its assets equally among the persons entitled to share in the same."

It is obvious, therefore, that neither the act nor the order of the Chancellor conferred, in express terms, upon the plaintiff, the right, in suing, to gather in the assets of the corporation, to place his own name as the *actor* upon the record. Nor is it conceived that because in the act concerning corporations (*Rev.*, *p.* 174) a receiver appointed under its authority can sue in his own name, such power being therein conferred upon him, the receiver, under the law now in question, is possessed of a similar capacity.

These two supplements to the act concerning savings banks, respectively enacted in the years 1878 and 1880 (*Pamph. L.* 1878, *p.* 421 ; *Pamph. L.* 1880, *p.* 192), establish a complete system for the winding up of the affairs of such corporate bodies, so that there seems to be no legal basis for the suggestion in the brief of counsel that these acts can be, in this department, interpolated with those provisions from the general statute concerning corporations that define the powers of receivers. Under such conditions the authority of the plaintiff must be ascertained by a reference to the act authorizing his appointment and to the pertinent general principles of equity. It has been already shown that there is no statutory definition of the powers of the receiver; the question, consequently, that arises, is as to the inherent abilities of a receiver by force of the usual rules of jurisprudence.

I cannot agree to the doctrine that a receiver is a mere custodian of the property of the person whom, in certain respects, he is made to supplant; for it would seem that he is an assignee of the assets within the scope of his office. There seems to be no reason why his power should not be held to be co-extensive with his functions—and it is clear that he cannot conveniently perform those functions unless upon the theory that some interest in the property, akin to that of an assignee, passes to him. The receiver is to discharge the executory duty of collecting the debts and taking into his possession, even against antagonistic claims, the tangible property, and after his appointment a sale of such property by the insolvent would, it is presumed, be absolutely void; and yet if the

interest in the property thus transferred was not vested in the receiver, it would be difficult to find ground on which to invalidate the transaction.   If no title resides in the receiver in disposing of property, he would be obliged to make sale in the name of the insolvent owner, and if the money that became due was not paid, to collect it by suit in the name of such owner; and yet, in the case of *Singerly* v. *Fox*, 75 *Penna. St.* 112, it was decided that such officer could sue in his own name for the purchase money of an article sold by him in his official capacity.   The inconvenience of requiring these agents of a court of equity to institute all actions in the name of the insolvent was exemplified in a case arising in the State of Maine, the question being whether the receivers of a bank could maintain, in their own names, an action to obtain possession of real estate to which the bank was entitled. The right to prosecute in the form adopted was upheld by the Supreme Court of that state, the circumstance being emphasized that the writ under a judgment, if obtained in the name of the bank, would require the officer executing it to put the bank and not the receivers in possession, which was not the object of the suit.   *Baker* v. *Cooper*, 57 *Me.* 388.   These embarrassments, as well as many others of a like kind, are obviated by the adoption of the doctrine that *virtute officii* a receiver becomes a provisional assignee of the property committed to him.   And this doctrine is recognized in the case of *Harrison* v. *Maxwell*, 15 *Vroom* 319.

It will be observed that the theory thus approved attributes to a receiver of the kind in question only a limited power to institute actions in his own name, as he is supposed to have the power, in this respect, of an assignee, and nothing more.   A chose in action that is not so transferable as to enable an assignee to sue for it in his own name, is transmitted to a receiver subject to the same qualification.

This circumscribed right of action cannot be said, as it is claimed, to be opposed by the weight of authority.   It is not at all in conflict with the case of *Yeager* v. *Wallace*, 44 *Penna. St.* 294, which is usually appealed to as a decision affirming the

Neilson v. Newark.

rule that a receiver, in the position of the plaintiff in this case, must bring his suits in the name of the person having the legal title. But the adjudged case has no such scope as this, for the proposition considered and decided, as stated by Mr. Justice Story, in his opinion, was: "Can a receiver of the property of a partnership maintain an action of trover in his own name for the conversion of the personal property of a firm by a wrong-doer before the appointment of a receiver was made?" Such a right of action would not pass to an assignee, and consequently when the court decided that the receiver could not bring such an action in his own name, such adjudication was in entire harmony with the doctrine which has been adopted in this case.

Inasmuch, therefore, as the present receiver is to be treated as an assignee of the choses in action of the Newark Savings Bank, and the bond in suit, by force of the laws of this state, is of a negotiable nature so far as respects its enforcement by suit, the judgment upon this record must be in favor of the plaintiff.