# Comer *v.* Bray.

*Bill in Equity by Receiver, for Foreclosure of Mortgages.*

| 83 | 217 |
| 101 | 28 |
| 83 | 217 |
| 122 | 601 |

1. *Appointment of receiver; on what grounds assailed.*—When a receiver is appointed in a pending suit, and authorized to bring suits at law or in equity, the validity of his appointment can not be assailed, in a suit instituted by him, on account of defects in the averments of the bill under which he was appointed.

2. *Suits by receiver.*—A receiver appointed by the chancellor in a suit instituted by some of the stockholders of an insolvent bank, and "authorized and directed to institute such suits, at law and in equity, as in his judgment may be necessary, against all persons who are indebted to said bank, or against whom debts are claimed by said bank, and who fail or refuse to pay without suit" (Code, § 2059), has authority to file a bill for the foreclosure of a mortgage given to the bank.

3. *Parties to bill for foreclosure.*—The mortgagee, in whom the legal title is vested, is a necessary party to a bill for the foreclosure of the mortgage; and this principle applies, where the mortgagee is an insolvent bank, and the bill is filed by a receiver appointed by the chancellor.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. THOS. W. COLEMAN.

The original bill in this case was filed on the 21st March, 1884, by Wells J. Bray, as receiver of the insolvent People's Bank, under appointment of the Chancery Court, against G. L. Comer, as administrator of the estate of Henry C. Hart, deceased, and the widow and heirs of said Hart; and sought the foreclosure of two mortgages, which said Hart in his life-time had executed to said bank, of which he was at the time the president. The defendants answered the bill, assailing the consideration of the mortgages, and denying any indebtedness on account of the matters connected with the mortgages; and they also assailed the validity of the complainant's appointment as receiver, and denied his authority to institute the suit in his own name. The chancellor (Hon. JNO. A. FOSTER) held that the appointment was valid, and that the complainant had authority to file the bill; but, on final hearing on pleadings and proof, he dismissed the bill, on the ground that the mortgages and secured notes were without consideration. His decree was reversed by this court on appeal, and the cause remanded (*Bray v. Comer*, 82 Ala. 183–90); and on a subsequent hearing, a decree was ren-

[Comer v. Bray.]

dered by Chancellor COLEMAN, foreclosing the mortgages, and ordering a sale of the lands conveyed. The defendants appeal from this decree, and here assign it as error; and they also assign as error, that the appointment of the receiver was unauthorized and void, that the receiver had no author-ity to file the bill in his own name, and that the bank was a necessary party to the bill.

G. L. COMER, for the appellants.—(1.) The appointment of the receiver was void, because the bill filed by Thornton *et al.*, under which the appointment was made, was without equity.—*Tuskaloosa Man. Co. v. Cox*, 68 Ala. 71; *M. & P. Line v. Waganer*, 71 Ala. 581; *Hawes v. Oakland*, 104 U. S. 450; 31 Mich. 456; High on Receivers, §§ 288, 292; Field on Corporations, §§ 415, 483–4, 488. (2.) The receiver had no authority to sue in his own name.—High on Receivers, §§ 201, 205–6, 208–12, 220; Code of 1876, §§ 2027–29, 2890; *Leonard v. Storrs*, 31 Ala. 488; *Pierce v. Gamble*, 72 Ala. 341; *Green v. Winter*, 1 John. Ch. 60; *Davis v. Gray*, 16 Wall. 219; *Boothe v. Clark*, 17 How. 528; *Bank v. Johnston*, 8 Wend. 645; *King v. Cutts*, 24 Wisc. 627; 70 Ind. 428; 12 Ohio St. 419; 44 Penn. St. 296; 66 N. C. 252; 3 Md. Ch. Dec. 302; 1 Bland's Ch. 421; *Merritt v. Lyon*, 16 Wend. 405; *Grayson v. Church*, 7 Mich. 36; *Freeman v. Winchester*, 10 Sm. & M. 577; *Receiver v. Clark*, 48 Geo. 41; *Richards v. People*, 85 Ill. 551; 5 Bradw. 367. (3.) The People's Bank was a necessary party to the bill, since the legal title was in it.—*Batre v. Auze*, 5 Ala. 173; *Woodward v. Wood*, 19 Ala. 213; *Hall v. Huggins*, 19 Ala. 200; *Graham v. Newman*, 21 Ala. 497; *Prout v. Hoge*, 57 Ala. 28; *Fulgham v. Morris*, 75 Ala. 245.

S. F. RICE, and H. D. CLAYTON, Jr., *contra*. (No brief on file.)

STONE, C. J.—The People's Bank was a private corporation, incorporated under the general statutes, and located and doing business in Eufaula. It became embarrassed, and closed its doors in January, 1879. A bill was filed by a part of the stockholders, charging mismanagement and insolvency of the corporation, and praying the appointment of a receiver. A receiver was appointed, and by an order of the court he was "authorized and directed to institute such suits in law or equity as in his judgment may be necessary, against all persons who

are indebted to said bank, or against whom debts are claimed
by said bank, and who fail or refuse to pay without suit;
.　. and said receiver is also further authorized to de-
fend any suits at law or in equity affecting the assets of said
bank in his charge, which may be instituted in any court in
this State; and for prosecuting and defending such suits, he
is hereby authorized and empowered to employ competent
counsel, at reasonable rates for the service to be performed
in each such cases." The first receiver resigned without
completing the trust, and Bray was appointed in his stead.

Hart had been president of the bank, from the time of its
organization until a few days before its suspension. He
owed the bank large sums of money, secured by mortgages
on real estate. The object of the present suit is to foreclose
those mortgages. Bray is sole complainant, suing in his
capacity as receiver. He has no other interest or right, than
such as was conferred on him by the Chancery Court, the
instructions given, and our statute on the subject.—Code of
1876, § 2059.

It is contended that the first bill filed—the one in which
the receiver was appointed, and the assets placed in his
hands—was without equity, under the rule declared in Tus-
kaloosa Man. Co. v. Cox, 68 Ala. 71, and Mer. & Planters'
Line v. Waganer, 71 Ala. 581; and as a corollary, it is
claimed that the appointment of a receiver was void, and con-
ferred no authority to bring this suit. We will not, and can
not inquire, in this case, whether the bill in that case was
full in all its averments. There are cases in which stock-
holders may proceed in the first instance to have the assets
of a private corporation administered in equity.—Mer. &
Pl. Line v. Waganer, 71 Ala. 581–7. The case was within
the general jurisdiction of the Chancery Court, the appoint-
ment was not void, and, on collateral presentation, as here
shown, it can not be questioned. There is nothing in this
objection.—Nathan v. Tompkins, 82 Ala. 437.

A second objection to the relief prayed and obtained in
this case is, that the receiver is sole complainant, while the
right to the recovery was, and yet is, in the People's Bank.
In this connection it is urged, that neither our statute, nor
the order of the chancellor, nor both combined, confer on the
receiver the right to maintain this suit in his own name.

Viewing this question alone, and without reference to any
other, we think the receiver was clothed with sufficient fidu-
ciary power and equitable title to maintain this suit in

equity.—*May v. Jamison*, 10 Humph. 186; *Helen v. Little-john*, 12 La. An. 298; *Baker v. Cooper*, 57 Me. 388; *Terry v. Bamberger*, 44 Conn. 558; *Cooke v. Town of Orange*, 48 Conn. 401; *Gillet v. Fairchild*, 4 Denio, 80; *Frank v. Morrison*, 58 Md. 423; *Miami Exp. Co. v. Gano*, 13 Ohio, 269; *Inglehart v. Pierce*, 36 Ill. 133; *Hardwick v. Hook*, 8 Ga. 354.

The present bill seeks to foreclose two mortgages on real estate, the notes payable to the People's Bank, and the mortgages made to the same. The legal title is in the People's Bank. As we have said, Bray, the receiver, is sole complainant, and the People's Bank is not made a party. In foreclosure proceedings, the title which is sought to be condemned must be before the court, in order to make the decree binding on that title.—*Batre v. Auze*, 5 Ala. 173; *Hall v. Huggins*, 19 Ala. 200; *Woodward v. Wood*, Ib. 213; *Graham v. Newman*, 21 Ala. 497; *Prout v. Hoye*, 57 Ala. 28; *Fulgham v. Morris*, 75 Ala. 245. The People's Bank, either as co-complainant or as defendant, is a necessary party to this suit, as the case now appears.

Reversed and remanded.