STATE, USE LAFAYETTE COUNTY, v. J. M. HALL.

1. EQUITY JURISDICTION.  *Enforcing statutory penalties.  Full relief.*

While courts of equity refuse to enforce penalties growing out of private contracts, they will, in proper cases, enforce statutory penalties, as where, having jurisdiction for one purpose, the enforcement of such penalty is necessary to full relief.

2. SAME.  *Treasurer's bond.  Reformation.  Decree for penalty.  Code 1880, § 375.*

Where the chancery court exercises its jurisdiction to reform a general bond of a defaulting county treasurer, and, according to the intent of the parties, decrees that it shall also stand as a bond for school-funds, it should then treat it just as if originally executed as a bond for school-funds, and a decree thereon against the treasurer and his sureties should include the penalty provided for by § 375, code 1880, and be for double the deficit.

FROM the chancery court of Lafayette county.

HON. B. T. KIMBROUGH, Chancellor.

The bill in this case was filed by the state in behalf of Lafayette county against J. M. Hall, former treasurer of said county, and the sureties on his bonds, executed as such for two successive terms of office. The jurisdiction of the chancery court was invoked to reform the bond, which was, in form, a general bond, so as to include the school-funds within its protection, this being the intention of the parties. The court decreed a reformation of the bonds, and an accounting, and from this decree an appeal was granted to this court to settle the principles of the cause. The decree of the chancery court was affirmed, and the cause remanded for further proceedings. The case, as reported on that appeal, contains a full statement of the facts. See *Hall* v. *Lafayette Co.*, 69 Miss., 529. On the return of the case to the chancery court, an account was taken, and the amount of the defalcation found to be $4,232.67. Thereupon, complainant demanded a.

decree, under § 375, code 1880, for double the deficit, with interest on the whole from the date of the expiration of the last term of office of said treasurer. The court refused to enforce the penalty, but rendered a decree for the amount of the deficit, with interest. Complainant appeals. The refusal to render a decree for the prescribed penalty presents the only question involved.

*Phil A. Rush,* for appellant.

1. There is nothing in the contention that this is not a suit on the bond, but one based upon general principles of equity, without any decree reforming the bond. The final decree was for reformation of the bond, and the whole purpose of the suit is to recover on the bond as reformed. *Hall* v. *Lafayette Co.,* 69 Miss., 529. The penalty prescribed by § 375, code 1880, is against the treasurer and his sureties. In this it is different from § 369, which provides a forfeiture against the treasurer personally. Hence, *State* v. *Baker,* 47 Miss., 88, does not apply.

2. The rule that equity never enforces a penalty or forfeiture does not apply where a court of equity has jurisdiction for other purposes, and enforces a penalty that is necessary to full relief. Even a court of equity will not set itself above the will of the sovereign as expressed in legislation, but will enforce statutory penalties. The authorities cited by appellee do not contravene this rule. It will be found that the forfeitures which courts of equity have refused to enforce are those arising out of private contracts. See *Clark* v. *Barnard,* 108 U. S., 436.

This suit was brought since the adoption of the constitution of 1890, which, by § 161, gives the chancery court concurrent jurisdiction over suits on officers' bonds.

*Edward Mayes,* on the same side.

The general doctrine that equity abhors penalties does not apply where the penalty is imposed by statute. Courts of

equity will not impede the assertion of a legislative enact-ment in furtherance of public policy, nor sit in judgment on the wisdom of the legislature. I admit that penalties are not, ordinarily, collectible by decrees in equity, but a strictly legal remedy will often be worked out by equity courts where there is some other distinct equity that has given the court jurisdiction. That is the case here. *Clark* v. *Barnard*, 108 U. S., 436.

The court below proceeded upon a misapplication of a mere remark of this court in *State* v. *Baker*, 47 Miss., 88, holding that this case was within the reason of the statute, but not within its letter, since there had not been an actual manual execution of a school-fund bond. I submit that when the bond was reformed, it was given the same value and potency as if originally executed according to the intent of the par-ties. Otherwise, this question, which was intended to be laid at rest by this court in its former decision, is still unset-tled. Unless the bond is given the force of a school-fund bond, we will have an anomalous instrument—one that, by the decree of the court, will have an effect different from that intended by any of the parties—namely, a bond reformed so as to include the school-fund, but not to include the sanctions provided by law for the protection of the fund against em-bezzlement. 3 Pom. Eq. Jur., §§ 1375, 1376.

*H. A. Barr*, for appellees.

1. It is true, the appellees have been held liable in equity, but the recovery is not on the school-bond. The court did not reform the general bond, but held the sureties liable upon principles of equity. It is not, technically, a recovery upon a bond, but a recovery according to the intent of the parties. See *Hall* v. *Lafayette County*, 69 Miss., 529. Section 375, code 1880, makes the treasurer and the sureties liable in a suit *upon his bond*. The statute is penal, and must be re-stricted to suits at law. It cannot apply to cases not plainly within its meaning and letter. *Johnson* v. *State*, 63 Miss., 228,

2. It is a universal rule that equity will not enforce a penalty or forfeiture. 2 Story, Eq., § 1319; *Livingston* v. *Tompkins*, 4 Johns. Ch., 431. The authorities concur that, even where a court of equity will not set aside a forfeiture, it will not lend its aid to enforce it. Leading Cases in Equity (White & Tudor), 2048; *Atlas* v. *Bank*, 3 Metc., 581; 34 Mich., 138; 1 Douglas, 527; 7 Paige, 351; 40 N. H., 530; 31 Conn., 468; 39 Wis., 353; 12 P. F. Smith, 28; 7 *Ib.*, 65. The question of the enforcement of a penalty by equity was not considered in *Clark* v. *Barnard*, 108 U. S., 436. Relief against a penalty is one thing and the enforcement of a penalty quite another. There is no conceivable difference between a statutory penalty and a penalty by agreement. In *Atlas* v. *Bank*, *supra*, the penalty was statutory.

WOODS, J., delivered the opinion of the court.

The effect of the former decision of this court in this case, on the earlier appeal, was to reform the bond of the treasurer and his sureties, so as to make it conform to the real purpose of the parties, and, in the further progress of the litigation, the reformed bond was to be treated as the school-fund bond of the parties. The prime object of the appeal to chancery was the reformation of the bond, and that appeal was perfectly sustained by this court in its former opinion in this case. The bond should have been regarded and treated in the court below precisely as if the treasurer and his sureties had executed it as a school-fund bond originally.

The bond having been so reformed, the chancery court should have proceeded to give all the relief to which the complainant was entitled. The learned court granted relief to the amount of the treasury deficit, with interest, but refused to enforce the statutory penalty. Whether this action of the court was founded on the view pressed upon us by the counsel for appellees, viz., the abhorrence of equity of penalties, and its general refusal to enforce them, or, as stated in the briefs of counsel for appellant, because the treasurer and

his sureties had never manually executed a school-fund bond, and, therefore, the case was not within the letter of § 375, code of 1880, is immaterial. In either event, the court was in error. From what has been already said, it will be manifest that the bond should have been regarded just as if originally executed by the appellees as the treasurer's school-fund bond.

Equally untenable is the position assumed by counsel for appellees, that equity will refuse its aid in the enforcement of penalties. The unsoundness of this view lies in the failure to mark the distinction between statutory penalties and penalties created by contract between private persons. The latter, courts of equity refuse to enforce, but the former, the expression of the will of the law-making power, the courts of equity will not undertake to disregard and nullify by refusing their aid in proper cases. 1 Pom. Eq. Juris., § 458 ; Story, Eq. Juris., § 1326; *State* v. *McBride*, 76 Ala., p. 51 ; *Clark* v. *Barnard*, 108 U. S., p. 436.

Having acquired jurisdiction, the court below should have given full relief by following the law, and enforcing the penalty. Legal remedies are constantly being worked out in courts of equity in causes where jurisdiction is acquired on some recognized ground of equitable interference.

*The decree of the court below is reversed, and the proper decree entered here in accordance with this opinion.*