# Southern Mutual Building & Loan Association *v.* Andrews.

*Bill in Equity to redeem from under Mortgage before Foreclosure.*

1. *Bill to redeem under mortgage; when receiver of mortgagee necessary party.*—To a bill by a mortgagor seeking to redeem before foreclosure, the receiver of the mortgagee, appointed by a court of competent jurisdiction, into whose hands the mortgage has passed, and who alone has authority to collect and discharge it, is a necessary party.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The facts of the case are sufficiently stated in the opinion.

HUBBARD & HUBBARD and JOHN B. KNOX, for appellant.—This being a suit for redemption under a mortgage, receivers having been appointed prior to the bring-

ing of suit, are necessary parties defendant. Beach on Receivers, § 711; *Kirkpatrick v. McElroy,* 41 N. J. Eq., 539.

A receiver appointed by the chancellor authorized and directed to bring suits, has authority to file bill for the foreclosure of a mortgage.—*Comer v. Bray,* 83 Ala. 217; *Boulware v. Davis,* 90 Ala. 207.

The appointment of a receiver displaces the control of the officers and directors of the corporation.—Beach on Receivers, § 406.

Receivers ought to be made parties where decree is not personal against the corporation.—20 Am. & Eng. Encyc. of Law, p. 253.

M. N. CARLISLE, *contra.*—The sole question in this case is: In a bill to redeem land from under a mortgage given to a corporation are the receivers necessary parties? We contend, as was held by the court below, that they are proper parties, but are not necessary proper parties.—*Heffron v. Gage,* 36 N. E. Rep. 572; *Patrick v. Eells,* 30 Kans. 80; 20 Amer. & Eng. Encyc. of Law, note 254; notes 1, 2, 3, and 4, p. 255; *Kincaid v. Dwinelle,* 59 N. Y. 548; *Mech. Nat. Bank v. Landauer,* 68 Wis. 49.

No relief can be granted against the receivers Welborn and Frye, if they are made parties. The decree of the court will be that complainant is entitled to redeem his land, and upon the payment of the amount due on the mortgage the title be divested out of the defendant corporation and invested in him. Where no relief can be granted against a receiver, he can not be joined with the corporation as a party defendant.—*Arnold v. Suffolk Bank,* 27 Barb. (N. Y.) 424.

TYSON, J.—The bill in this cause as amended stands as filed by appellee, mortgagor, against the appellant mortgagee, seeking to redeem before foreclosure the property conveyed by the mortgage. The respondent pleaded to the bill that, before the institution of the suit, upon a bill filed against it by certain named complainants in the city court of Anniston praying for a

receiver of its property, real and personal, notes, choses in action and accounts, the court appointed one John H. Frye and M. B. Wellborn receivers and directed them as receivers to take charge of the assets of the respondent. That Frye and Wellborn entered into bond for the faithful performanec of their duties as such receivers and took possession of the real and personal property, choses in action, notes and accounts of the respondents, and, at the date of the filing of the plea, are engaged in settling the affairs of said respondent. That the amount due from complainant to respondent is a part of its assets that went into the hands of said receivers, and they have the sole right to receive the money due on the mortgage executed by complainant to it and have the sole authority, under the directions of the said city court of Anniston, to settle and collect any amount that may be due by the complainant. That Frye and Wellborn as receivers of the estate of respondent ought to be, but are not, made parties defendant to the bill of complaint.

An exception was taken by complainant to this plea and sustained by the court. It is from the decree overruling the plea, that the respondent prosecutes this appeal. The only question argued in the briefs of counsel is, whether the receivers were necessary parties to the bill.

The general rule in a court of equity is, that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties either as plaintiffs or defendants. The rule proceeds on the principle, that a man's rights should not be controverted in a court of justice, unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe because of the presence in court of all who have an interest in its subject matter.—Story's Eq. Pl., § 72; *Prout v. Hoge*, 57 Ala. 28. And if the bill is defective for want of necessary parties, advantage may be taken of such defect by plea, demurrer or answer. If not so taken advantage of, the objection is waived, unless the cause can-

not be properly disposed of on the merits, without the presence of the absent party, then the objection may be made at the hearing or on error, or it may be taken by the court *ex mero motu*.—3 Brick. Dig. 373, §§ 97, 98.

The plea avers, as we have seen, that the mortgage securing the debt owing by complainant is a part of the assets of the respondent in the hands of the receivers of its property and that they alone have authority to collect any amount due by complainant upon it. This being true, any decree involving an accounting by the court as to the amount due by complainant upon the mortgage debt would be *coram non judice* as to the receivers unless they were parties, and could not possibly accomplish the purpose for which the bill was filed. While it is true that in a court of law the legal title remained in the respondent and was not divested of it by the decree appointing the receivers, yet it is nevertheless true that a decree adjudging the rights of complainant to redeem as against the respondent solely, would not protect him against a foreclosure suit by the receivers, nor would the decree be *res adjudicata* of any issue which such suit would involve. Furthermore, so far as the mortgage is concerned in a court of equity, the receivers are clothed with the equitable title to it and possess sufficient fiduciary power to maintain a suit for its foreclosure.—*Comer v. Bray*, 83 Ala. 217.

The receivers having the equitable title to the mortgage and the sole authority to enforce it, the logical result is that they were necessary parties to the bill.—*Express Co. v. Railroad Co.*, 99 U. S. 191; Beach on Receivers, § 716; High on Receivers, § 258; *Kirkpatrick v. McElroy*, 41 N. J. Eq. 539.

The plea was good, and the decree overruling it will be reversed and the cause remanded.

Reversed and remanded.