WILKS P. KRETSCHMAR, RECEIVER, *v.* WATT W. STONE.

[43 South., 177.]

CORPORATIONS. *Insolvency. Receiver. Stockholders' liability. Illegal dividends. Suits.*

A receiver of an insolvent corporation, when authorized by the court in which the receivership is pending, may sue at law and recover from stockholders dividends paid them by the corporation when insolvent.

FROM the circuit court of Washington county.

HON. A. McC. KIMBROUGH, Judge.

In June, 1905, the Merchants & Planters Bank of Greenville, Mississippi, suspended payment, and made a general assignment of its business for the benefit of its creditors. The assignee named by the bank declined to serve and one Walker was appointed receiver of the bank by the chancery court, who, after qualifying, took charge of the bank's business and assets. In November, 1905, the receiver being authorized by a decree of the chancery court to institute legal proceedings for the collection of debts due the bank and to sue the stockholders for any dividends fraudulently or improperly paid them, instituted suit before a justice of the peace against the appellee, Stone, filing a written statement of his cause of action, demanding judgment for $110 because of payments by the bank to Stone of two dividends, $60 and $50 respectively, on stock of the bank owned by him. The written statement of the cause of action or declaration recited the appointment and qualification of the receiver and the authority to sue conferred upon him by the chancery court, and alleged that the bank was insolvent in January, 1904, and January, 1905, when the respective dividends were paid to appellee and they had not been earned. The written statement or declaration further alleged that the bank was indebted to numerous creditors whose debts existed when each of

the two dividends were paid. The receiver, having lost his case before the justice of the peace, appealed to the circuit court, where the appellee, Stone, filed a demurrer to the written statement of the cause of action or declaration claiming that the chancery court alone had jurisdiction of the case; that the receiver had no authority to institute the suit either at law or in equity; that the right of action existed only in the creditors of the bank who were creditors when the dividend payments were made. The circuit court sustained the demurrer, and dismissed the suit.

Walker resigned the receivership shortly after the rendition of the judgment of the circuit court, and Kretschmar, his successor, appealed to the supreme court.

The action by the receiver against the appellee was based upon Code 1892, § 852, which is as follows: "No part of the capital stock in any corporation shall be withdrawn or diverted from its purpose, nor a dividend declared, when the company is insolvent, or would be rendered insolvent by such withdrawal or the payment of such dividend; and the directors who assented to such withdrawal, or declared and paid such dividend, as well as the stockholders who received it, shall be jointly and severally liable to creditors whose debts then existed, to the extent of such withdrawal or dividend and interest."

*Shields & Boddie,* for appellant.

The declaration stated a cause of action against appellee, under Code 1892, § 852. It alleged that the bank was insolvent when the dividends were paid to appellee as stockholder, and when the suit was brought, that there were creditors of the bank who were such when the dividends were paid and when the suit was brought. And in addition it distinctly stated that "on the 4th day of October, 1905, by decree of the chancery court of said county, plaintiff, as receiver of said bank, was authorized and directed to sue for all indebtedness then due, or to become due, to such bank; and was authorized and directed to

sue the stockholders of said bank for the dividends improperly and fraudulently paid them by said bank in January, 1904, and January, 1905." The demurrer admitted the truth of the allegations of the declarations. It follows, then, that if at the time of the dividend payments the bank was insolvent, the payments amounted to a diversion of the capital in favor of a stockholder, and the stockholder became liable for the amount thus paid out.

It is contended by counsel for appellee that the receiver of the bank had no legal right to bring this suit; that the action existed only in favor of those creditors of the bank whose debts existed at the time of the dividend payments. There can be nothing in such contention, as regards appellee, for the chancery court, to which the receiver is accountable, has ample jurisdiction to see that proper application is made of the proceeds of the judgment when recovered against the stockholder. Upon recovery by the receiver in the circuit court, the chancery court will doubtless instruct disposition of the recovered dividend payments to be made to or among those creditors "whose debts then existed" when the dividends were paid.

There is nothing in Code 1892, § 852, which precludes a receiver from instituting suit to collect the dividend improperly paid. The statute is merely declaratory of the liability of stockholders under certain conditions, and does not affect the right already existing of any proper party to take steps in law.

That the receiver has the legal right to institute suit in a case such as this, is evident. He is the representative officer of the chancery court, and as such is empowered under the common law to sue either at law or in equity.

*A. J. Rose,* for appellee.

Under Code 1892, § 852, a stockholder who receives a dividend from an insolvent bank is liable "to creditors whose debts then existed" at the time of such dividend payment. The statute does not say that the right to bring suit against the stock-

holder shall accrue to a receiver of the insolvent bank. In fact, the language of the statute referred to would seem to indicate that only creditors whose debts existed when the dividends were paid could bring suit to recover the same.

The statute gives the right of action only to a limited class of creditors, those whose debts were incurred after the payment of the dividend having no right of action for recovery of the dividend. Now a receiver represents the corporation and also all of the creditors of the corporation, not merely those to whom a right of action is given under the statute. If the statute gave a right of action to the bank, the receiver as its representative could then sue; and if the right of action were given to creditors who were such when the dividend was declared, and also to subsequent creditors, it might then be urged that the receiver, as representative of all the creditors, was the proper party to institute the suit. But such cannot be the case under the concise language of the statute. The right to sue exists only as to creditors "whose debts then existed."

As no right of action is created by the statute in favor of the bank or to creditors generally, and as the liability of the stockholder is limited strictly to a certain class, it follows that, if the receiver had the right to sue, it would be obligatory on him to distribute the proceeds of his recovery among a certain class and to the exclusion of others. He would have to ascertain not only who were creditors of the corporation, but also who were creditors when the dividend was declared, and who were subsequent creditors. Certainly, considering the clear wording of the statute, and the necessity upon the part of a receiver, even if he had the right to sue, of determining among many different creditors their respective rights in the recovery, the lower court's action was correct, and the judgment should be affirmed.

But if it be held that the receiver was the proper party to institute suit for recovery of the dividends, the suit should have been in the chancery court. Equity should have exclusive jurisdiction of a suit of this kind. The rights of the receiver,

unless expressly enlarged by statute, are practically those of the creditors he represents, as regards recovery in a case of this kind, and should be exercised in court of chancery. The capital stock of a corporation is a trust fund for the benefit of creditors for many purposes, and any payment of a dividend unearned, while the corporation is insolvent, is an impairment of this fund. The general practice in such case is to commence an action in equity on behalf of all creditors, in the nature of a creditors' bill. 2 Cook on Corporations (5th ed.), secs. 548, 549. "The proceeding to enforce liability of stockholders for dividends unlawfully received is an equitable one, and an action at law is not maintainable." 9 Am. & Eng. Ency. Law (2d ed.), 703.

MAYES, J., delivered the opinion of the court.

While there seems to be much conflict of authority as to the right of a receiver to institute suits, the question seems to have been settled in this state as far back as the case of *Freeman* v. *Winchester,* 10 Smed. & M., 577. The weight of modern authority is to the effect that a receiver may bring suit, either in courts of law or equity, when given authority to do so by the court which appointed him. It is expressly alleged in the declaration that the chancery court had empowered the receiver to bring suit to recover the dividends alleged to have been unlawfully paid, and the demurrer admits all the facts alleged. This demurrer should have been overruled. *Wilkinson* v. *Rutherford,* 49 N. J. Law, 241, 8 Atl., 507; 1 Pomeroy's Equitable Remedies, sec. 180; 17 Ency. Plead. & Prac., p. 812, and note; *Freeman* v. *Winchester,* 10 Smed. & M., 577.

*Reversed and remanded.*