## METZGER ET AL. *v.* JOSEPH.

### [71 South. 645.]

1. APPEAL AND ERROR. *Reversal. Jurisdictional defects. Banks and banking. Directors. Liability for wrongful dividends. Actions. Jurisdiction. Parties. Corporations. Statutes. Limitation of actions.*

   Where the chancery court has jurisdiction of the parties and has assumed jurisdiction of the subject-matter, under section 147 of the constitution, the supreme court cannot reverse the decree of the chancellor on the question of jurisdiction.

2. BANKS AND BANKING. *Directors. Liability for wrongful dividends. Jurisdiction.*

   Equity is the proper forum of an action, instituted by a receiver of an insolvent banking establishment to recover a dividend disbursed in violation of the express provisions of section 923, Code 1906, and when the fund to be recovered should be equitably prorated amongst that class of creditors whose debts existed at the time the dividend was declared.

3. DIRECTORS. *Liability for wrongful dividends. Parties.*

   The receiver of an insolvent bank may maintain a suit in equity as the representative of all the creditors to recover an illegal dividend from assenting directors under Code 1906, section 923, making them liable therefor, though the right of action is conferred by the terms of the statute on the creditors.

4. SAME.

   In such a suit the bill sufficiently alleges the interest of the creditor if it charges that, when the dividend was declared, the bank's stock was entirely worthless, and its assets entirely insufficient to pay creditors or any reasonable amount of their indebtedness.

5. CORPORATIONS. *Directors. Liability for wrongful dividends. Penal. Remedial.*

   Code 1906, section 923, imposing personal liability on directors for paying dividends when the corporation is insolvent, is penal as to its construction and remedial as respects the creditors.

6. CORPORATIONS. *Director's liability. Statutes.*

   This section is not repealed as to banks by the state banking law (Laws 1914, chapter 124), since section 45 of the latter act limits implied repeal by that act to such as is necessary to give it effectiveness, and section 923 can exist without conflict therewith.

111 Miss.—25

7. LIMITATION OF ACTIONS. Penalty. Director's liability for wrongful dividends.

Personal liability of directors as provided for under Code 1906, section 923, for illegal payments of dividend, is not such a penalty as is embraced within the terms of section 3101, Code 1906, providing a limitation of one year for the recovery of penalties since such a liability is not a penal one.

APPEAL from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by I. S. Joseph, receiver against August Metzger and others. From a decree overruling demurrers to the bill, defendants appeal.

Green & Green, A. H. Jones and Bramlette & Bramlette, for appellant.

Longino & Ricketts, for appellee.

STEVENS, J., delivered the opinion of the court.

This action was instituted by I. S. Joseph, receiver of the Bank of Woodville, by a bill in chancery seeking to recover from appellants, as defendants in the court below, a five per cent. dividend declared by appellants as directors of said bank at a time when the bank was insolvent. The suit is brought by authority of the chancery court appointing and having jurisdiction of the receiver and the administration of the affairs of the defunct bank. The bill avers that appellants on the 17th day of February, 1912, were the directors of the Bank of Woodville; that the bank was at that time, and had been for a long time, totally insolvent; that the directors knew that the bank was insolvent, but, notwithstanding this knowledge, that they proceeded to declare and disburse on said date a dividend of five per cent. upon the par value of twenty-thousand dollars of the capital stock of said bank, less the sum of forty-five dollars which was not claimed by or paid to any person; that each of the di-

rectors assented to and participated in the declaration of said dividend, and received and accepted their individual share as a stockholder, all in violation of section 923, Code 1906. It is averred that by force of the statute the defendants are jointly and severally liable to all creditors of the bank whose debts existed on February 17, 1912, for the said sum of nine hundred and fifty-five dollars and that the complainant, as representative of all the creditors, has the right, in his capacity or office of receiver, to sue for and recover the said sum for the benefit of the creditors entitled thereto and as a fund to be paid and distributed to them in the administration of the estate, under proper supervision of the chancery court. Separate demurrers were filed to the bill by the defendants. The demurrers were overruled, and from the decree overruling the demurrers, the chancellor granted an appeal to settle the principles of the case. The demurrers challenge the jurisdiction in equity, and submit that the remedy at law is complete; that the bill does not state any cause of action; that the receiver has not the right to maintain this suit; that the cause of action is barred by the statute of limitation of one year (section 3101, Code 1906); and that the allegations of the bill are too vague and indefinite, and do not show in detail what creditors are interested nor for what amount the alleged liability of the several defendants exists.

The first point argued by counsel is the contention that the bill seeks to recover purely a statutory penalty, and that a court of equity will not assume jurisdiction of a suit to recover penalties. The chancellor overruled the several demurrers to the bill, and thereby assumed jurisdiction of this cause; and, aside from the question whether equity has original jurisdiction of this particular cause, under section 147 of our Constitution, we could not reverse the decree of the chancellor. This constitutional provision has a manifest beneficent and remedial purpose to accomplish. There are many causes of action appearing in the twilight separating common-law and

equity jurisdictions; and, when the chancery court has jurisdiction of the parties and has assumed jurisdiction of the subject-matter, this constitutional provision must be construed to mean exactly what it says, and absolutely to forbid a reversal simply because the complainant has misjudged his forum. Much valuable time of litigants and courts is wasted in a preliminary contest over jurisdiction before the real merits of the litigation are reached.

Aside from the constitutional provision, however, we cannot say that equity has no jurisdiction of this cause. Our court, in the recent case of *Ventress et al.* v. *D. H. Wallace, Receiver,* 71 So. 636, is committed to the holding that equity has original jurisdiction of a suit on the part of a receiver against directors of a bank for gross negligence in the discharge of their official duties. We fail to appreciate why equity should not be a proper forum for this action, instituted by the receiver of an insolvent banking establishment to recover a dividend disbursed in violation of the express provisions of the statute, and when the fund to be recovered should equitably be prorated amongst that class of creditors whose debts existed at the time the dividend was declared, and whose interests are in a large measure now represented by the receiver. This court is committed to the holding that the receiver, to a large extent, represents creditors as well as the defunct corporation, whose estate is being administered upon by him under the direction of the court. *Payne Hardware Co.* v. *International Harvester Co.,* 70 So. 892. The liability sought to be recovered is expressly imposed by section 923 of the present Code. It provides that the directors who declared and paid such dividend ''shall be jointly and severally liable to creditors whose debts then existed, to the extent of such withdrawal or dividend and interest.'' It is true that the right of action is given to creditors, but the liability is limited to the amount of the dividend declared and paid, and this constitutes a single fund in which many of the

creditors have an equity, and should in equity be prorated amongst the several creditors beneficially interested. This can best be accomplished in a court of equity. One payment of this dividend by the directors would discharge once and for all time the liability. The declaration of a dividend when a corporation is totally insolvent impairs the capital stock, and "such a distribution of the assets of a corporation is in the nature of a fraud upon its creditors, and is remediable in equity. . . ." 10 Cyc. 883. Many of the courts hold that the personal liability of directors for declaring dividends in excess of the net profits or surplus cannot be enforced in a court of law, but that equity is the proper and exclusive forum.

"Equity has jurisdiction where the effect of the statute is to create a common fund for the security of creditors, although there may be a concurrent remedy at law." Thompson on Corporations (2d Ed.) vol. 4, par. 5078.

Our court had this statute in review in the case of *Kretschmar, Receiver,* v. *Stone,* 90 Miss. 375, 43 So. 177, and in that case expressly upheld the right of the receiver to recover from stockholders dividends paid them by the corporation when it was insolvent. It will be remembered that the statute imposes liability upon the stockholders who receive the dividend as well as the directors who declare and pay it.

In answer to the criticism that the bill does not give a list of the creditors, or show what the exact amount of their several claims is, it is sufficient to say that the bill does charge that the capital stock of the bank was entirely worthless, and its assets dissipated and so depreciated in value as to be entirely insufficient on the day the dividend was declared to pay and discharge the claims of creditors, "or any reasonable proportion of such indebtedness." The equities of the various parties can really in this case best be determined and adjudged in the

chancery court authorized to appoint a master, if necessary, to take and state an account, and to require proper probate of the claims of the various creditors interested.

Counsel argue with confidence the contention that equity will not entertain this suit to enforce penalties. The chief criticism of this argument is well answered by Woods, J., in the case of *Lafayette County* v. *Hall,* 70 Miss. 678, 13 So. 39:

"Equally untenable is the position assumed by counsel for appellees that equity will refuse its aid in the enforcement of penalties. The unsoundness of this view lies in the failure to mark the distinction between statutory penalties and penalties created by contract between private persons. The latter courts of equity refuse to enforce, but the former, the expression of the will of the lawmaking power, the courts of equity will not undertake to disregard and nullify by refusing their aid in proper cases."

An additional criticism is the assumption that the recovery here sought is strictly a penalty. While this contention of counsel is supported by respectable authority, including some general statements by our own court, we have no hesitancy in saying that the trend of modern authority, and, indeed, the announcements of Mr. Thompson in his work on Corporations, and that of well-reasoned cases, is toward the conclusion that a statute of the character here in review is not penal in the proper meaning of such term.

"Whatever may be said of the penal nature of these statutes, the cases are coming more and more to the proposition that they are not penal in the strict and proper sense applied to statutes imposing punishment for offenses against the state. This term has evidently arisen from the supposition that a penalty is imposed. With reference to their nature and construction, the better, and undoubtedly the correct, rule is that they are penal as to their construction, and remedial as respects the credi-

tors." Thompson on Corporations (2d Ed.) vol. 2, par.
1326.

In the sense that the liability here declared "is new and
unknown to the common law,' as said by our court in
*Avery* v. *McClure,* 94 Miss. 184, 47 So. 901, 22 L. R. A. (N.
S.) 256, 19 Ann. Cas. 134, and that the party complain-
ing must therefore bring himself clearly within the terms
of the statute, this might possibly be termed a penal stat-
ue. This is the thought expressed by our court in *Manns
Mercantile Co.* v. *Smith,* 107 Miss. 16, 64 So. 929. Mr.
Thompson, in paragraph 1330, vol. 2 (2d Ed.), quotes
with approval the language of Mr. Morawetz showing
clearly that these statutes are not after all, really penal.
Among other things quoted in this paragraph is the fol-
lowing language:

"Nor is the liability of the directors under these stat-
utes penal in the sense in which the word 'penal' is used
in criminal law; it is not a penalty or fine imposed by the
state for the infraction of a public law. The liability of
the directors is both in form and in substance a private
obligation, similar in many respects to that of sureties.
It is imposed by the legislature partly for the purpose
of inducing the directors to. do their prescribed duties,
and partly for the purpose of securing the company's
creditors from losses caused by the acts of those who
have control over the company's fortunes. The statutes
imposing this liability establish a new rule of private
right—a rule which, although unknown to the common
law, may be founded on sound principles of justice and
expediency. The only reason why this liability is called
penal appears to be that it does not exist at common law,
and is neither created by contract nor given as compen-
sation for a direct and immediate wrong done by the di-
rectors to the creditors of the company."

The United States supreme court, in the well-reasoned
case of *Huntington* v. *Attrill,* 146 U. S. 657, 13 Sup. Ct.
224, 36 L. Ed. 1123, takes up this subject in an exhaus-
tive fashion, and demonstrates to what extent the courts

have broken away from early expressions indicating that
the liability here imposed is a penalty. Mr. Justice Gray,
speaking for the court, uses, in addition to other expres-
sions equally as strong, the following language:

"Penal laws, strictly and properly, are those imposing
punishment for an offense committed against the state,
and which, by the English and American Constitutions
the executive of the state has the power to pardon. Stat-
utes giving a private action against the wrongdoer are
sometimes spoken of as penal in their nature, but in such
cases it has been pointed out that neither the liability im-
posed nor the remedy given is strictly penal."

So far as the interest of the bank in this case are con-
cerned, the statute is remedial; its object is to authorize
a recovery of the money actually disbursed in violation
of the statute. It is compensation that the creditors seek;
and, when once compensated, no matter from what source,
the liability imposed is discharged. The public, as such,
has no direct interest in the result.

It is contended that section 923, Code 1906, is repealed
by chapter 124, Laws 1914, known as the "State Banking
Act;" the contention being that this is a penal statute,
and that the various provisions of the state banking
law guaranteeing deposits and providing for liquidation
of insolvent banks supersede section 923 of the Code, and
by necessary implication repeal it. The state banking
law does not, however, expressly repeal section 923; and
section 45 of the new banking law declares that:

"No provision of any banking law or other statute of
this state shall be construed to be amended, modified or
repealed except in so far as necessary to permit the un-
restricted operation of this act. . . ."

In our judgment, section 923 can well exist and be effec-
tive independently of and in addition to all the provi-
sions of chapter 124, Laws 1914. There is no direct or
necessary conflict.

What we have said in reference to the penal nature
of this statute disposes of the contention that the one-

year statute of limitations applies. The dividend here sought to be recovered is not such a penalty as is embraced within the terms of section 3101 of the present Code. The object of section 923 is to compel restitution of the very money unlawfully paid out under the guise of a dividend, and, so far as the interests of creditors is affected, is remedial and compensatory.

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual. . . ." *Huntington* v. *Attrill, supra.*

Under our views of this case the demurrers were properly overruled, and the decree of the court below is accordingly affirmed, and the cause remanded, with leave to appellants to answer within thirty days after receipt of mandate by the clerk of the court below.

*Affirmed and remanded.*