## J. H. KIMBROUGH v. FRANK DAVIES.

### [61 South. 697.]

1. CORPORATIONS. *Dissolution. Stockholders' liability. Code 1906, section 923. Capital. Withdrawal. Payment of debts. Appeal and error. Review.*

   Code 1906, section 923, providing that no part of the capital stock of a corporation shall be withdrawn, when the company is insolvent or would be rendered insolvent by such withdrawal, etc., does not contain the full measure of the liability of a stockholder upon the withdrawal by him of a portion of the capital stock of the corporation.

2. SAME.

   The capital stock of a corporation is a fund set apart, among other purposes, for that of paying the debt of the corporation and cannot be withdrawn by the stockholders until all the debts then owing by the corporation have been paid.

3. CORPORATIONS. *Withdrawal of capital. Stockholder's liability.*

   The liability of a stockholder for capital withdrawn to the creditors of the corporation is independent of the other stockholders and he can be sued in a separate action without joining the other stockholders.

4. APPEAL AND ERROR. *Questions not raised at trial. Review.*

   Where to a bill by a creditor to recover of a stockholder capital withdrawn by him from a corporation, the failure to join all

the creditors in the bill is made for the first time in the supreme court on appeal and it does not appear from the pleadings that there were any other creditors than the plaintiff, the question will not be reviewed in that court.

APPEAL from the chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Suit by J. H. Kimbrough against Frank Davies. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Frank E. Everett,* for appellant.

A demurrer was interposed by the appellant and others to the bill of complaint, setting up a nonjoinder of defendants, stockholders in the Indianola Compress & Storage Company, and also setting up want of jurisdiction in the chancery court in this kind of a proceeding.

The case of *Vick* v. *Lane Hazlehurst & Co.,* 56 Miss. 682, and sections 909 and 923 of the Code of Mississippi, 1906, are authorities on this demurrer.

Section 909 of the Code of 1906 is as follows: ''In all corporations each stockholder shall be individually liable for the debts of the corporation contracted during his ownership of stock, for the amount or any balance that may remain unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation; and such liability shall continue for one year after the sale or transfer of the stock.''

Section 923 of the Code of 1906 provides: ''No part of the capital stock in any corporation shall be withdrawn or diverted from its purpose, nor a dividend declared, when the company is insolvent, or would be rendered insolvent by such withdrawal on the payment of such dividend; and the directors who assented to such withdrawal, or declared and paid such dividend, as well as the stockholders who received it, shall be jointly and severally liable to creditors whose debts then existed,

to the extent of such withdrawal or dividend and interest.'' These statutes give an independent action to the creditors of a corporation against the stockholders of the corporation, which right of action is maintainable in a court of law and not maintainable in a court of equity. Under section 909 of the Code each man subscribing for stock and only pays a portion of the value of that stock, is liable in an action at law to any creditor of the corporation for the amount that is still due and unpaid for the stock subscribed for by him and when the amount of the stock subscribed for by him has been paid, either to the corporation or to a creditor of the corporation by suit under said section, then his liability, or the individual liability of that particular stockholder, ceases under that section and he cannot be made to contribute under section 609 to any other creditor of the corporation and by this statute that suit is maintainable only in a court of law. See *Vick* v. *Lane Hazelhurst & Co., supra.*

Second: This brings us now to a discussion of section 923 of the Code of 1906, which we quoted above. At common law there was no liability individually on the part of the stockholders for the debts of the corporation. A liability exists, however, in most of the states now, but it is created by statute; therefore a statute creating a liability on stockholders for the debts of the corporation is a penal statute, and a liability does not extend beyond the plain language or unambiguous meaning of the statute creating such liability.

Stockholders in a corporation are liable according to the plain terms employed by the legislature and not otherwise. *Carroll* v. *Green,* 92 U. S. 509, 23 L. Ed., 739. And this liability cannot be extended beyond the words use in the statute. *Brunswick Terminal Co.* v. *National Bank of Baltimore,* 192 U. S. 386, 48 L. Ed. 493.

The only possible way this suit can be maintained in a chancery court to recover from the stockholders under section 923, is by a bill for the benefit of all the creditors

filed against all of the directors of the corporation, or all of the stockholders of the corporation who received a dividend while the company was insolvent, or which dividend rendered it insolvent.    One creditor cannot maintain a bill in the chancery court against two or three individual stockholders, under the section on which this suit is founded.    After declaring that no part of the capital stock shall be withdrawn or diverted from its purpose, no dividend declared when the company is insolvent, or would be rendered insolvent thereby, the statute, specifically provides as follows: ". . . and the directors, who assented to such withdrawal, or declared and paid such dividend as well as the stockholders who received it, shall be jointly and severally liable to creditors whose debts then existed, to the extent of such withdrawal or dividend and interest."    The very lagnuage of the statute makes it perfectly plain that all of the directors declaring the dividend or assenting to the withdrawal, are liable to all of the creditors of the company, or all of the directors are jointly liable with all of the stockholders to all of the creditors to the extent of the withdrawal, or the dividend paid.    The purpose of that statute is not to give one man or one creditor a right to sue an individual stockholder or director for the amount of his debt, which the company owed, but it is to create a fund by making the directors who declared the dividend or assented to the withdrawal and the stockholders who received it liable to all of the creditors jointly, that they might all participate in the fund derived from the statutory liability created, share and share alike in accordance with their several indebtedness and not to give one man a right over the remaining creditors.    This principle is clearly set out in the case of *Terry* v. *Little*, 101 U. S. Sup. Ct. 25 L. Ed., 864, where in discussing the provisons of a charter of the Merchants Bank of South Carolina, which provided that "each stockholder should be individually liable for the debts of the corporation

for an amount not exceeding twice the amount of his or her shares of stock." In discussing that case, Mr. Chief Justice WAITE, in delivering the opinion of the court, said: "The individual liability of stockholders in a corporation is always a creature of statute. It does not exist at common law. The first thing to be determined in all such cases is, therefore, what liability has been created. There will always be difficulty in attempting to reconcile cases of this class in which the general question of remedy has arisen, unless special attention is given to the precise language of the statute under consideration. . . . If the object is to provide a fund, out of which all creditors are to be paid, share and share alike, it needs no argument to show that one creditor should not be permitted to appropriate to himself, without regard to the rights of others, that which is to make up the fund."

"The language of this charter is peculiar. The stockholders are not made directly liable to the creditors. They are not, in terms, obliged to pay the debts, but are liable and held bound for any sum not exceeding twice the amount of their shares. This, we think, means that on the failure of the bank, each stockholder shall pay such sum, not exceeding twice the amount of his share, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations. The provisions are, in legal effect, for a proportionate liability of all stockholders. Undoubtedly the object was to furnish additional security to creditors, and to have the payments, when made, applied to the liquidation of debts. So to, it is clear that the obligation is one that may be enforced by the creditors; but as it is to or for all creditors, it must be enforced by or for all. The form of the action, therefore, should be one adapted to the protection of all."

The language used in section 923 of the Code declaring that directors assenting to the withdrawal or declaring

and paying such dividend as well as the stockholders, shall be jointly and severally liable to creditors whose debts then existed to the extent of the withdrawal or the amount of the dividend, is plain and unmistakable. The legislature in framing this section employed plural terms when referring to directors, stockholders or creditors, and using singular terms when it refers to "withdrawal" or "dividend." It is clearly meant by the terms of this statute that the liability created by this statute is to create a fund for the benefit of all the creditors whose debts existed at the time of the withdrawal or the declaring of the dividend. And I submit that no one creditor can, under this section of the Code, sue any one or more stockholders for the purpose of collecting his debt, but all of the creditors must join in that suit, or it must be for the benefit and protection of all of the creditors whose debts then existed.

*Davis & Price,* for appellee.

In addressing myself to the first contention of counsel for appellant, the demurrer interposed to complainant's bill in the court below should have been sustained: First, for nonjoinder as defendants of the stockholders of the Indianola Compress & Storage Company, we beg to call the court's attention to section 923 of the Annotated Code of Mississippi of 1906, one of the sections relied on in this action, which is as follows:

"No part of the capital stock in any corporation shall be withdrawn or diverted from its purpose nor a dividend declared when the company is insolvent or would be rendered insolvent by such withdrawal on the payment of such dividend, and the directors who consented to such withdarwal or declared an unpaid dividend, as well as the stockholders who received it, shall be jointly and severally liable to the creditors whose debts then existed to the extent of such withdrawal or dividend and interest."

It will be seen from this section that the directors and stockholders who withdraw the capital stock of a corpor-

ation or declare and pay a dividend under the conditions mentioned in said section, become jointly and severally liable to creditors whose debts then existed, to the extent of such withdrawal or dividend and interest, and as I understand the law, may be sued either jointly or severally as the creditor may elect. In other words, when the capital stock of a corporation is withdrawn or a dividend declared and paid under the conditions mentioned in section 923, the directors who assented to such withdrawal or declared and paid such dividend, and the stockholders who received the same, simply become and are jointly and severally indebted to the creditors whose debts existed at that time to the extent of such withdrawal or dividend and interest thereon and may be dealt with as provided by section 2682 of the Code of Mississippi which is in part as follows:

"In all cases of joint or joint and several indebtedness, the creditor may settle or compromise with and release any one or more of such debtors, and the settlement or release shall not affect the right or remedy of the creditor against the other debtors for the amount remaining due and unpaid, and shall not operate to release any of the others of the said debtors. . . ."

In passing upon this same question in the case of *Hatch* et al. v. *Danna*, reported in U. S. L. Ed. 25, p. 885, the court says:

"A creditor of an insolvent corporation may proceed against one or more delinquent stockholders to recover the amount of his debt without an account being taken of other indebtedness, and without bringing in all of the stockholders on contribution."

In 10 Cyc. at page 655, the writer says:

"When the property has been divided among the shareholders a judgment creditor, after the return of an execution against the corporation unsatisfied, may maintain a creditor's bill against a single shareholder or against as many shareholders as he can find within the

jurisdiction of the court to charge him or them to the extent of the assets thus diverted.''

But granting for the sake of argument only, that all of the stockholders of the Indianola Compress & Storage Company were necessary parties to this action, appellant could not, on the pleading in this case, under any circumstance, have taken advantage of this objection by demurrer, but could have raised this objection only by plea or answer. In 16 Cyc. 265, the writer says:

''A demurrer for the want of necessary parties does not lie unless the bill shows the existence of person whose presence is necessary, yet who are not made parties.''

In 31 Cyc. at pages 322-323, the writer says:

''Only facts appearing on the face of the pleading demurred to will be considered on demurrer. New facts cannot be set up by the demurrant as a ground for demurrer. Such a demurrer is called a speaking demurrer and should be overruled.'' See also *Aaron* v. *Supreme Lodge K. of P.*, 15 So. 115.

In reply to the second contention of counsel for appellant, that the demurrer to appellee's bill should have been sustained for want of jurisdiction, and to his statement in his brief that ''The only possible way this suit can be maintained in a chancery court to recover from the stockholders under section 923 is by a bill for the benefit of all creditors filed against all of the directors of the corporation, or all of the stockholders of the corporation who received a dividend while the company was insolvent, or which dividend rendered it insolvent,'' will say, that in 10 Cyc. 654 the writer says:

''If the capital stock should be divided, leaving any debts unpaid, every shareholder receiving his share of the capital stock would in equity be held liable *pro rata* to contribute to the discharge of such debts out of the funds in his own hands.'' And further says on page 655 of this same volume: ''In affording relief to credi-

tors of a corporation. on this ground, courts of equity proceed on the familiar principle that whoever is found in possession of a trust fund, under the circumstances which charge him with knowledge of the trust, is bound to acount as trustee to those beneficially interested in such fund, whenever shareholders have in their possession any of this trust fund they hold it *cum onere,* subject to all the equities which attaches to it; and they stand in such a relation of privity with the corporation that their dealings with it will be subjected to the close scrutiny where the rights of its creditors are involved."

And this court in passing upon the case *Payne* v. *Bullard,* 23 Miss. 88, has said:

"It cannot be objected to a bill in equity filed for the purpose of compelling a stockholder of a bank to pay up the amount of the stock subscribed for by him, by a creditor of the bank who has obtained judgment against it, and has had his execution returned *nulla bona,* that a court of equity has no jurisdiction in such cases, and that his remedy is at law by. process of garnishment. Cases in which equity originally possessed jurisdiction is not taken away by statutes conferring jurisdiction on courts of law. At the most, the jurisdiction in such cases becomes concurrent."

And this court has further said, in passing upon the case of *V. & M. R. R. Co.* v. *Philips, Exr.,* 64 Miss. 108, that "A judgment creditor, who has exhausted his remedy at law by execution and '*nulla bona,*' equity will assist him to reach the effects of his debtor fraudulently transferred, and will not remit him to a statutory remedy at law by garnishment."

We submit that the demurrer interposed to appellee's bill was properly overurled.

In regard to the withdrawal of the capital stock of the Indianola Compress & Storage Company, counsel for appellant seems to rely principally on three propositions: First, a strict construction of section 923 of the Code so

as not quite to reach appellant in this case; second, that the Indianola Compress & Storage Company was perfectly solvent when this twenty-five per cent. dividend was declared and paid to the stockholders; and thirdly, that it has not been shown that the one hundred and twenty-five dollars received by appellant was a part of the capital stock of this corporation.

Under any reasonable construction of section 923 of the Code, we think the proof in. this case, taken as a whole, proves conclusively that appellant is liable under this section. But regardless of the statute, we think appellant is clearly liable under the proof of this case. In 10 Cyc. at page 653 the writer says:

"It is a favorite doctrine of the American courts, that the capital stock of a corporation is to be deemed a trust fund for the payment of the debts of the corporation, so that the creditors have a lien upon or a right of priority of payment out of it in preference to any of the shareholders of the corporation."

This same principle was also held to be the law in this state by this court in the case of *Payne* v. *Bullard* above cited.

Counsel for appellant says, that at the time the twenty-five per cent. dividend was declared and paid to the stockholders, the Indianola Compress & Storage Company was absolutely solvent so far as its creditors were concerned. In reply to that, I respectfully refer the court to the testimony in this case, and particularly to the deposition of W. T. Pitts, secretary and treasurer of this corporation, and to the letters written by him to appellee and filed as exhibits to his deposition, and leave it to the court to say whether the Indianola Compress & Storage Company was absolutely solvent so far as their creditors were concerned when they held the last meeting of stockholders and directors and divided the capital stock among themselves. Even if it did have money in its treasury, and had it there for the specific purpose of

paying the outstanding indebtedness, this would not relieve appellant in this case from liability, because the fact still remains that these debts were never paid, and so long as appellee's judgment was unsatisfied, he had a lien on this trust fund, this capital stock of this corporation for the satisfaction of this judgment and any stockholder who received any of this fund is liable to him as trustee to the extent of the amount so received. In 10 Cyc. at page 654, the writer says:

"If a shareholder withdrew this trust fund created by his share subscription or any part of it, without restoring to the corporation a full and fair consideration for it, he will be held and bound to make it good whenever it is necessary to do so for the satisfaction of the creditors of the corporation."

This court speaking through Chief Justice SHARKEY in passing upon the case of *King* v. *Elliott,* reported in 5 S. & M. at page 428 said:

"In the case of *Wood* v. *Dummer,* 3 Mason R. (U. S.) a bill was filed on the chancery side of the circuit court of Maine by a creditor or noteholder, after the dissolution of the corporation, against a stockholder who had withdrawn a portion of his capital stock on a distribution made by the directors the language of Judge STORY, in deciding the case, is so forcible and so appropriate as to justify a quotation at some length:

" 'It appears to me,' said the great jurist, 'very clear upon general principles as well as the legislative intention that the capital stock of banks is to be deemed a pledge or trust fund for the payment of the debts contracted by the bank. The public, as well as the legislature, have always supposed this to be a fund appropriated for such purposes; the individual stockholders are not liable for the debts of the bank in their private capacity. The charter relieves them from personal responsibility, and substitutes the capital stock instead. Credit is universally given to this fund by the public as the only

means of payment. During the existence of the corpora-
tion it is the sole property of the corporation and can be
applied only according to its charter, that is, as a fund for
the payment of its debts, upon the security of which it
may discount and circulate notes. Why, otherwise, is
any capital stock required by our charters, if the stock
may, the next day after it is paid in, be withdrawn by the
stockholders without payment of the debts of the cor-
poration? Why is this amount so studiously provided
for, and its payment by the stockholders so diligently re-
quired? To me this point appears so plain upon princi-
ples of law, as well as common sense, that I cannot be
brought into any doubt that the charter of our banks
makes the capital stock a trust fund for the payment of all
debts of the corporation. The bill holders and creditors
have the first claim upon it, and the stockholders have no
rights until all the other creditors are satisfied. They have
the full benefit of all the profits made by the establish-
ment, and cannot take any portion of the fund, until all
the other claims on it are extinguished. Their rights are
not to the capital stock, but to the residium, after all
demands are paid. On a disposition of the corporation,
the bill holders, and the stockholders have each equitable
claims; but those of the bill holders possess, as I con-
ceive, a prior exclusive equity.''

On the gorund of this pledge, this beneficial vesting in
the note holder, it was decreed that the holder of that
fund, although distributed to him on a dissolution of the
corporation should pay to the creditor in proportion to
the amount he had withdrawn. The same doctrine was
announced by Chancellor BUCKNER in *Robins* v *Embry,*
1 S. & M. Chan. R. 207, and in *Wright* v. *Petrie,* ibid. 282.
These cases decide that the directors are trustees for the
creditors and stockholders and cannot divert the trust
fund from the purpose of its destination; and also that
the equities of the creditors will attach to the assets of
the bank even in the hands of an assignee. The condi-

tion of the stockholder who has not paid the whole amount subscribed by him to the capital stock is not materially different from the one who has withdrawn a part after payment. In either case it is holding a pledge fund and the liability is the same.

SMITH, C. J., delivered the opinion of the court.

The Indianola Compress & Storage Company was a corporation engaged in the compress business at Indianola, Miss., and appellant was one of its stockholders, owning five of its shares, each of the par value of one hundred dollars. On November 17, 1908, its plant was destroyed by fire, and some time in the early spring or summer following, at a meeting of its stockholders, it was decided to liquidate and wind up its affairs. After setting aside from the money in its treasury a sum then deemed sufficient to pay the outstanding indebtedness of the company, there remained sufficient for the payment to each stockholder of the sum of twenty-five dollars on each share of stock held by them. The money set aside for the payment of the debts due by the company proved to be insufficient, by reason of the fact that several suits were afterwards instituted against the company, which it seems to have successfully defended, but which necessitated the incurring of unexpected expense. Appellee, one of the creditors of this corporation, obtained a judgment against it for the sum of six hundred and fourteen dollars and seventeen cents, and upon the return of the execution thereon *nulla bona* filed this bill in the court below seeking to recover from appellant and several other stockholders of the corporation their alleged unpaid subscriptions to the capital stock thereof, and also the money paid to them upon its dissolution. Afterwards the bill was dismissed as to all of the defendants except appellant, and the effort to hold appellant on an unpaid subscription was practically abandoned; but a decree was asked for and obtained directing him to pay

to appellee one hundred and twenty-five dollars received by him from the corporation upon its dissolution.

Appellee's main contention is that, when he received his distributive share of the capital stock of the corporation, it was not, nor did it thereby become, insolvent, and therefore he is not liable under the provisions of section 923 of the Code. This section does not contain the full measure of the liability of a stockholder upon the withdrawal by him of a portion of the capital stock of the corporation.

The capital stock of a corporation is a fund set apart, among other purposes, for that of paying the debts of the corporation; and whether or not it be a trust fund, impressed with all of the attributes of such a fund, it seems to be universally held, upon sound and plain principles of common honesty, that it cannot be withdrawn by the stockholders until all of the debts then owing by the corporation have been paid.

But is is said further by appellant that, even if liable to account for the money received by him, he cannot be held to account therefor in this proceeding, because of appellee's failure to make the other stockholders of the corporation parties defendant to his bill. In this appellant is in error. His liability to creditors is independent of the other stockholders.

Again, it is said that this bill cannot be maintained, for the reason that appellant can only be held liable, if at all, by means of a creditors' bill in which all of the creditors of the corporation have joined. This point seems not to have been raised in the court below. It was not, and of course could not have been, raised by the demurrer interposed to the bill, nor does it appear from the pleadings that there are now any creditors of this corporation other than appellee. This question, therefore, is not presented by the record.

*Affirmed.*