MANN'S MERCANTILE CO. *v.* A. B. SMITH.

[64 South. 929.]

1. CORPORATION. *Liability of directors. Debts exceeding capital stock. Courts. Terms of court. Civil terms. Code 1906, section 924. Laws 1910, chapter 105.*

Under Code 1906, section 924, providing that the amount of debts which a trading corporation may contract shall not exceed the amount of its capital stock paid in, and in case the debts exceed that amount, the directors who contracted such debts shall be individually liable for the excess, the debts prohibited by this statute must be valid claims against the corporation, enforceable in the courts, and capable of being made a charge on the assets of the company.

2. SAME.

In order to make a director liable for such excess it must be shown that the director sought to be charged with liability assents to, or contracted the debt officially as a director, acting concurrently with a majority of the board.

3. COURTS. *Term of courts. Civil terms. Laws 1910, chapter 105.*

Under chapter 105, Laws 1910, fixing the terms of court in Sunflower county and providing that the first twelve days of each term shall be for civil business and the last twelve days for

criminal business, where a civil case was tried during the first twelve days, but a motion for a new trial in the case was decided in the last twelve days this was not error, since the division of time was for convenience, and in nowise limits the power of the court to try a case properly within its jurisdiction. A judge cannot however ignore the division of time, when to do so would deprive a party to a lawsuit of any substantial right.

ON SUGGESTION OF ERROR.

CORPORATIONS. *Liability of directors. Debts in excess of capital stock. Code* 1906, *section* 924.

 Under section 924, Code 1906, making directors of corporations individually liable for debts of the corporation "contracted" by them in excess of the paid in capital stock of the corporation, in order to hold a director personally responsible, he must have been one of those directors, who concurrently acting as such and constituting a majority, consented to the debt.

APPEAL from the circuit court of Sunflower county. HON. MONROE McCLURG, Judge.

Suit by Mann's Mercantile Company against A. B. Smith. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Frank E. Everett,* for appellant.

This suit was filed against A. B. Smith, as director of the Smith Mercantile Company, for the purpose of holding him liable, as a director, under section 924, Code of 1906, which is as follows: "The amount of debts which any trading corporation or company may contract or owe shall not exceed the amount of its capital stock paid in; and, in case the debts exceed that amount, the directors who contracted such debts shall be individually liable for the excess over the amount of capital stock, and may be sued therefor by any creditor, whether the debt be due at the time of suit brought or not, if such creditor was without notice or knowledge of the excess at the time his debt was made."

There is no question but that this debt is one that arose by contract between the parties. There is nothing indefinite or uncertain about it. A particular price was to be paid for particular goods, which goods were shipped and delivered beyond any question. The only question in this case is, whether or not a director of a mercantile corporation is liable for a contracted debt, under the above statute.

Some courts hold statutes of this character penal in their nature and therefore should be strictly construed. Among these authorities are: *Chase* v. *Curtis,* 113 U. S. 452, 28 L. Ed. 1038; *Child* v. *Boston, etc., Iron Works,* 137 Mass. 516; *Leighton* v. *Campbell,* 17 R. I. 51.

From a review of these cases it will be seen that the statute construed therein are different from the statute now under consideration.

Admitting for the sake of argument that section 924, is penal in its nature and requires a strict construction by the court, it is my contention under the facts of the case at bar, when applied to the statute, are sufficient to render the defendant liable, under a strict construction of the statute.

In order to make a director liable under a strict construction of the statute, it would only be necessary to prove the paid in capital of the corporation; that its debts exceed that amount; that the defendant was a director at the time the debt was contracted; that the creditor was without notice or knowledge that the debts of the concern exceeded its paid in capital stock.

In this case, we did not only meet the burden of the statute, whether it be penal or not, but we went further and proved by McWilliams, the manager of the Smith Mercantile Company, that Mr. A. B. Smith was present when the shoes were sold, looked over the line of shoes with McWilliams, the manager, and at that time stated to Mr. Sondfield, the traveling salesman of the Manss Shoe Manufacturing Company, that the Smith Mercan-

tile Company was in good condition, that he was satisfied with the line of shoes and never expected to handle any other than its shoes. That certainly makes him a party to the contract between the Smith Mercantile Company and the Manss Shoe Manufacturing Company, and therefore liable to pay the balance of this account.

Other courts, however, hold such statutes not penal, but to be for the protection of creditors, and therefore remedial. Among which are *Morgan* v. *Hedstrom,* 164 N. Y. 224, and *Matty* v. *Sampson,* 71 Supp. 731.

Where there is an existing debt arising by contract and for which the corporation is liable, the directors are liable also. *Gold* v. *Clyne,* 134 N. Y. 262; *Stuffel* v. *Hothurst,* 73 N. Y. Supp. 1034; *Thestle* v. *Jones,* 107 N. Y. Supp. 840; *Trenity Church* v. *Vanderbilt,* 98 N. Y. 170.

And this seems to be the view taken by this court in the case of *Avery* v. *McClure,* 94 Miss. 172, where this particular section of the Code was under discussion. While the question in that case was very different from the one here presented, yet in discussing section 924 of the Code 1906, this court said at page 183 of the opinion, after quoting the above section, ''It will thus be seen that the statute speaks of 'debts contracted' and 'debts existing,' and for the payment of these obligations the directors and stockholders are liable.'' Continuing its discussion of this statute, at page 191 of the opinion, this court said, ''These statutes proceed upon the theory that any one extending credit to the corporation has a right to presume conclusively that the stock subscribed has been fully paid in, that the capital stock in an insolvent concern shall not be distributed in dividends, and that the corporation shall not contract debts in excess of its capital stock. As to these matters the directors and stockholders are held liable.'' Thus it is seen that it is the duty of the directors of a corporation to know its condition and to see that its debts do not exceed the paid in capital stock, and if they do not see to it and allow it to

become involved beyond the capital stock, then they become individually liable.

Therefore, the instruction asked by the plaintiff announced the true principals of law under section 924, and should have been given, and the peremptory instruction asked by the defendant should have been refused.

One other point that I desire to mention briefly; that is, the court was without authority to hear and pass upon the motion to set aside the judgment rendered by the court in the first trial, and to grant a new trial to the defendant.

Section 23 of chapter 104, Acts of 1910, creating the fourth judicial district, by paragraph five, divided the court term into civil and criminal term; the first twelve days for civil business and the last twelve days for criminal business. It will be noted from the judgment of the court that in the first trial of this cause a jury was waived and the case submitted to the decision of the court and he rendered a judgment for the plaintiff. The civil term expired on October 14th and by reference to the record it will be seen that the motion to set aside the judgment was filed on the 16th of October, which was during the criminal term and two days after the civil term had expired. The court certainly could not have tried any civil business during the criminal term. Then if he could not take up and try civil cases in that term, he was certainly without authority to take up this motion, set aside a judgment and render a new trial. In the order sustaining the motion to set aside the judgment and grant a new trial, it will be seen that special exceptions were taken to the action of the court in taking this motion up and passing on it during the criminal term. Had the motion been filed during the civil term and had, by consent of counsel, been continued until some time during the criminal term, then the action of the court would have been proper. But for it to be filed after the civil term had ended and then considered by the court, I think was error.

*J. Holmes Baker,* for appellee.

Appellant by this suit seeks to hold appellee, A. B. Smith, liable as a director of the Smith Mercantile Company under the provisions of section 924 of the Code of 1906, which reads as follows: "The amount of the debts which any trading corporation or company may contract or owe shall not exceed the amount of its capital stock paid in; and, in case the debts exceed that amount, the directors who contracted such debts shall be individually liable for the excess over the amount of capital stock, and may be sued therefor by any creditor, whether the debt be due at the time of suit brought or not, if such creditor was without notice or knowledge of the excess at the time his debt was made."

The most that can be said to fix liability on A. B. Smith, the appellee, is that he was present and had knowledge of the fact that the manager of the Smith Mercantile Company had an order for the purchase of the goods. Does this make him individually liable under the provisions of section 924 above cited? I think not; this statute is very clearly expressed and admits of no ambiguity. Knowledge that the debt is being contracted for, in excess of the capital stock is not sufficient, and neither is acquiescence or assent sufficient to fix an individual liability on one who is a director of a corporation. This is a highly penal statute, and as such must be strictly construed. The party to be held individually liable must contract the debt, and not only this, he must make this contract as a director, not as an individual, and not as a stockholder. In other words the purpose of this statute is to enable creditors to protect themselves if they see proper so to do, by saying to those corporations asking for credit, "We will grant the credit asked for if you will have your creditors to contract for it as such. We are willing to deal with your corporation in this matter through your directory, but not otherwise." Certainly this is not an unreasonable construction to put on

this statute, nor is it imposing any hardship upon those who are dealing with corporations in the way of furnishing them credit; and it is but fair and just to require those who seek the benefits and protection of a special statute like this one, which is in derogation of the common law, to bring this case clearly within its provisions. Have appellants done this? Clearly they have not. It nowhere appears in the record that A. B. Smith, or anyone else, as a director of the Smith Mercantile Company contracted the debt sued for, or any part thereof. I concede that it is not necessary that those who are directors of a corporation should have a formal director's meeting, with proceedings entered upon the minutes, in order to make their acts as directors valid; but on the other hand I contend that there is quite a difference between the acts of a person acting as a director, and his acts as a stockholder, or as an individual. Certainly it will not be contended that in the absence of a by-law giving special authority, that one director can hold meetings, confer with himself and do anything valid as a board of directors, or do anything which is contemplated should be done by a board of directors.

"The power of directors belongs to them collectively and not individually. The fact that a person is a director gives him no authority to act for the corporation, except when acting as a member of the board, in the absence of a by-law conferring special authority upon him." 21 Am. & Eng. Ency. pages 864 and 865 and cases cited in notes 2 and 3; 57 Am. Rep. 193; 64 Am. St. Rep. 257; 37 Am. Dec. 227; 2 Thompson on Corporations, 1073.

The statutes making officers or directors of corporations liable for the corporate debts in certain cases is regarded by most courts as of a penal nature, the liability under the statutes not being founded upon contract, but arising from misconduct in office. 21 Am. & Eng. Ency., p. 882, and cases cited.

As penal statutes they must not be construed as to cover cases not clearly within their terms. 28 Am. & Eng. Ency., p. 658; 2 Thompson on Corporations, section 1345; 53 Am. Dec. note page 651; 33 Northeastern Reporter, 880; *Merrill* v. *Melchior,* 30 Miss. 516; *Foote* v. *Van Zandt,* 34 Miss. 41.

In several states it is provided that where a corporation contracts indebtedness in excess of its capital stock paid in, or of a certain proportion thereof, the directors assenting thereto shall be individually liable to creditors for such excess. The statutory liability in such cases is limited to debts in excess of the capital stock and arises only where debts are contracted in excess of the capital stock.

Under such a statute a director cannot be held liable unless he has assented to the creation of the excess debt; and it has been held that the assent must have been given to the particular debt sued on. The assent must be given before the indebtedness is created. A director who merely recognizes or fails to dissent from a debt already contracted without his knowledge is not liable. Moreover the assent must be given by a director in his capacity as such, acting concurrently with a majority of the board. 21 Am. & Eng. Ency., pp. 888 and 889, and authorities there cited. See also *Trademan Publishing Company* v. *Knoxville Car Wheel Company,* 49 Am. St. Rep. 957, 958, 959.

I respectfully call the particular attention of the court to this last case cited, as it is a case strongly in point and the questions involved in the case at bar are very ably discussed on the pages referred to above. This case is in every way analagous to the one under consideration. The only difference being that the law which governed that case and the charter of the Knoxville Car Wheel Company, contains the following clause, to wit: ''If the indebtedness of the said company shall at any time exceed the capital stock paid in, the directors assenting

thereto shall be individually liable to the creditors for such excess.'' It will be seen that all that was required under the law governing that case was that the directors assenting to the indebtedness should be individually liable, whereas in the case under consideration the statute is that the directors who contracted such debts shall be individually liable etc. The court in this case said: ''It has been uniformally held that such statutes being in derogation of the common law must be strictly construed.'' As cited by Mr. Cook in his work on Stock and Stockholders, ''Although founded on constructions of public policy and general convenience they are not to be extended beyond the plain intent of the words of the statute.'' Again the court says, quoting from Thompson's Commentaries on Private Corporations, section 4271: ''It is a principle of legal procedure that when a party sues to enforce a liability created by statute in derogation of the common law, he must not only distinctly aver, but he must make strict proof of a case within the terms of the statute.'' Where the liability is imposed upon the directors assenting thereto, the creditor must both allege and prove that the directors against whom he proceeds did assent to the unlawful contract. Citing Thompson on Private Corporations, 4206.

Quoting from the same opinion the court says: ''It is insisted by counsel for the directors that the assent contemplated by the statute must be given by the directors not as individuals, nor even as stockholders, but in their capacity as directors. We are constrained to believe upon mature consideration that this construction is the proper one to be given to this statute. This construction accords with the general rule that the directors must act as an official body.''

Mr. Cook in his work on Stocks and Stockholders states the rule thus: ''The directors can contract and act only as a board duly notified and assembled. The members of the board cannot agree separately and out-

side of the meeting and thereby bind the corporation. Nor can a minority of the body meet and bind the board. A majority must be present and then a majority of that majority binds the corporation. A single director has no power to contract for the corporation."

2 Cook on Stocks and Stockholders, section 712: "So that when it is sought to hold a director to individual liability under the provisions of this highly penal state, it must be shown that his assent was given in his capacity as director acting concurrently with the majority of the official board. We do not hold that the only evidence of this official assent must be found on the minutes of the board, but we do hold that there must have been an official meeting when assent was given whether it appears on the minutes or otherwise."

I respectfully submit that the case of *Avery* v. *McClure et al*, 94 Miss. 172, is not analagous to the one under consideration and the principles involved announced in that case are very different from the ones involved in the case at bar.

Counsel for the appellant make the point that the order of the court setting aside the former judgment rendered in this case and granting defendant a new trial was without authority, because the Act of 1910, providing for the terms of court of the fourth judicial district provides in substance that the first two weeks of the Sunflower court shall be devoted to civil business and the next two weeks for criminal business. The facts are that the case was tried before the court on the last day of the second term. The minutes for that day were not signed until the following Tuesday, October 17th, which was the second day of the term set aside for criminal business. The motion to set aside the judgment and grant a new trial was filed on Monday, October 16, 1911, before the minutes of the previous Saturday had been signed. We mention these facts here simply for the purpose of calling the court's attention to the attitude the minutes were in at

that time, but I do not consider this as at all material, as there can be no question but that the circuit court during its entire term of four weeks had jurisdiction over all civil matters coming before it during the first two weeks of the term, and there is nothing in the law providing for holding a term of two weeks for civil business and two weeks for criminal business, which would justify anyone in assuming that the court shall not have jurisdiction during the entire term over all civil matters and cases which had been before it during the first two weeks; and especially so for the hearing of motions and disposing of them. Section 156 of the Constitution provides as follows: "Circuit courts shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law."

The legislature in 1910 provided that Sunflower county should have two terms of circuit court each year, one beginning in March to be held for four weeks and one beginning in October to be held for four weeks. Whenever this court was convened and organized it had jurisdiction throughout the entire term of four weeks "in all matters civil and criminal" and the legislature could not have taken this constitutional power away from the court even though it had been its purpose to do so.

COOK, J., delivered the opinion of the court.

The Smith Mercantile Company, a trading corporation, under the laws of this state, was doing business at its domicile in Indianola. The manager of the company bought a bill of merchandise from the traveling salesman of appellant. When this purchase was made, appellee, A. B. Smith, was present and assented to the purchase. Mr. Smith was, at this time, one of the directors of the Smith Mercantile Company. The merchandise so purchased was delivered to the Smith Mercantile Company.

Subsequently the Smith Mercantile Company was declared a bankrupt, and its estate was administered

through the bankrupt court. Appellant received dividends in the settlement of the estate, but, after crediting all of said dividends to its aforesaid claim, a balance of two hundred eighty-four dollars and three cents remained unpaid. This suit was instituted against appellee, A. B. Smith, for this balance, on the ground that he, as director of the mercantile company, contracted this debt, which was in excess of the "capital stock paid in," of said corporation; that he, having contracted such debt, is individually liable "for the excess over the amount of capital stock," by virtue of the provisions of section 924, Code of 1906, reading as follows: "The amount of debts which any trading corporation or company may contract or owe shall not exceed the amount of its capital stock paid in; and, in case the debts exceed that amount, the directors who contracted such debts shall be individually liable for the excess over the amount of capital stock, and may be sued therefor by any creditor, whether the debt be due at the time of suit brought or not, if such creditor was without notice or knowledge of the excess at the time his debt was made." Whether statutes of this character are penal statutes, in the sense that they must be strictly construed by the courts, has been the subject of some diversity of opinion, but it would seem that the great weight of authority regards such statutes as penal in their nature. The liability imposed by the statute is of purely statutory origin, and we must look to the statute itself to ascertain whether or not the facts of each particular case bring the defendant within the terms of the law.

Mr. Smith was a director of the mercantile company, and was present when the debt was contracted, and inferentially, at least, assented to the contract of purchase. For present purposes it is conceded that the company was then insolvent, and the debt then made was in excess of the capital stock of the debtor company.

The first clause of section 924 of the Code, the section under consideration, limits the indebtedness trading

corporations may lawfully contract, and, to enforce this policy of the law, the second clause of the section gives to any creditor of the corporation the right to sue all directors of the corporation individually "who contracted such debts."

It must be admitted that Mr. Smith could not make a contract binding on the corporation merely because he happened to be a director. It seems clear also that debts prohibited by the statute must be valid claims against the corporation, enforceable in the courts, and capable of being made a charge on the assets of the company. The manager of the company had authority to buy and sell, but there is nothing in the record to suggest that individual directors possessed the same power.

Again, directors act together, and usually express their acts in the minutes of the board; but, whether so expressed or not, it must be shown that the director sought to be charged with liability assented to, or contracted, the debt officially as a director, acting concurrently with a majority of the board. *Tradesman Pub. Co.* v. *Knoxville Car Company,* 95 Tenn. 634, 32 S. W. 1097, 31 L. R. A. 593, 49 Am. St. Rep. 943. This case is the only case brought to our notice deciding the exact point involved in this case, and the rule therein announced meets with the approval of the text-writers. So far as we have been able to ascertain, the soundness of the decision has not been questioned. See *Shackelford* v. *R. R. Co.,* 37 Miss. 202. It may be, and is, suggested that this rule will make it extremely difficult to fix liability upon directors of trading corporations. It is not the function of the courts to supplement legislation, or to give a construction to statutes not warranted by the terms thereof. Appeal to the lawmakers, and not to the courts, is the only remedy, if the statutes have not gone far enough to remedy existing evils.

Chapter 104, Acts of 1910, fixing the terms of court in Sunflower county, provides that the first twelve days of

each term shall be for civil business, and the last twelve days for criminal business. Judgment in this case was rendered during the first twelve days of the term, but the motion for a new trial was not disposed of until after the expiration of what is termed by the briefs civil term. The order overruling the motion was, however, entered on the minutes of the last twelve days. It is contended that the court could not transact any civil business after the first twelve days. The division of the time was for convenience, and in nowise limits the power of the court to try a case properly within its jurisdiction. The judge cannot ignore the division of time, when to do so would deprive a party to a law suit of any substantial right.

*Affirmed.*

### ON SUGGESTION OF ERROR.

It is suggested that, to maintain the original opinion in this cause, it will be necessary to overrule two former decisions of this court, viz., *Avery & Sons* v. *McClure,* 94 Miss. 172, 47 So. 901, 22 L. R. A. (N. S.) 256, 19 Ann. Cas. 134, and *Kimbrough* v. *Davies,* 61 So. 697. When the original opinion was written, it was not conceived that the cases cited were applicable to the present case, and upon a re-examination of same no reason appears why this conception should be revised.

The present case is based on section 924, Code 1906, making directors of corporations individually liable for debts of the corporation contracted by them in excess of the paid-in capital stock of the corporation. *Avery & Sons* v. *McClure, supra,* was an action in the chancery court of Lowndes county, based upon a decree of the circuit court of the United States awarding Avery & Sons a judgment for damages against a corporation for the infringement of a patent right owned by Avery & Sons. This bill sought to hold the stockholders and directors of the corporation liable for the amount of this decree, "the contention being that the stockholders were

liable under section 909 of the Code of 1906 for the amount of any balance that may remain unpaid for the stock subscribed for by them; further, that under section 923 of the Code the directors and stockholders were liable for the amount of the capital stock withdrawn and dividends declared while the company was insolvent; further, that the directors were liable under section 924 of the Code for debts contracted in excess of the capital stock." It will be seen that the last-named cause of action is based on section 924 of the Code, and that the cause of action in the present case is based on the same section.

In *Avery & Sons* v. *McClure,* the court held that the directors were not liable, for the reason that damages awarded for the infringement of a patent did not fall within the meaning of our statutes making stockholders and directors liable under certain circumstances for the debts of corporations. This was the "single question" presented to the court, and nothing more was decided. It was held that the cause of action sued on was not a debt in the sense of the statutes. The question here presented and decided was not then before the court.

In *Kimbrough* v. *Davies,* 61 So. 697, this court merely held that a stockholder of a corporation cannot withdraw the capital stock of the company until all of the debts then owing by the corporation have been paid. This was the question before the court, and this is all the court passed on. The "single question" presented by the record of the present case is: Did the director contract the debt? This question was answered in the negative, and in doing so it was not necessary to overrule, criticise, or explain *Avery* v. *McClure* or *Kimbrough* v. *Davies,* because it seemed obvious that these cases do not in anywise conflict with the conclusion reached in the present case.

*Suggestion of error overruled.*