## ROUTZAHN v. TYROLER et al.

Circuit Court of Appeals, Sixth Circuit.
November 13, 1929.

No. 5353.

C. T. Hendler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Wilfred J. Mahon, U. S. Atty., and Irene Nungesser, Asst. U. S. Atty., both of Cleveland, Ohio, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

M. S. Farmer, Jr., of Cleveland, Ohio, and L. F. Cooper, of Washington, D. C. (R. E. Glessner, of Washington, D. C., on the brief), for appellees.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. The corporation, in 1920, made its return of income tax for 1919, and paid the tax indicated. In 1925 it retired its preferred stock by paying it off at par. In November, 1925, the Commissioner assessed against the corporation a deficiency tax for 1919. In February, 1927, the Commissioner notified the preferred stockholders that he proposed to assess against them the amount of this deficiency, making such assessments against them as "transferees" under section 280 (a) (1) of the Revenue Act of 1926 (section 1069 (a) (1), tit. 26, USCA), and advising them of their right, within 60 days, to file with the Board of Tax Appeals a "petition for redetermination" (see section 1048, tit. 26, USCA). No such review being asked, he made the proposed assessment, and demanded payment. The stockholders, appellees here, filed a bill in the court below to enjoin collection, claiming that

this section 280 (a)(1) is unconstitutional, in that its proposed application would deprive the stockholders of their property without due process of law. The District Court, relying upon Owensboro Co. v. Lucas, 18 F. (2d) 798, overruled a motion to dismiss, and, lacking further pleadings, granted the injunction.

For the purpose of getting at once to what we think the controlling question, but without intimating opinion, we assume that, if section 280 (a)(1) is unconstitutional, the assessment against the stockholders is not such a tax, or tax proceeding, that an injunction is forbidden under Rev. St. § 3224 (section 154, tit. 26, USCA), or section 604, Revenue Act of 1928 (section 2604, tit. 26, US CA).

In the same way, we assume that the question whether "any liability at law or in equity" to pay this deficiency exists against these stockholders is not one inherently incidental to the taxing power, but is a judicial question beyond the power of Congress to transfer to the administrative category—so that the power to decide it with the finality necessary to support a distraint as for taxes, could not be confided to the Commissioner or to the Board of Tax Appeals; and assume also that the remedy given by paying the tax and suing to recover may not be so "adequate" as to bar relief in equity.

Upon the basis of these same assumptions, plaintiffs-appellees urge that the opportunity to be heard by the transferee ended with the Board of Tax Appeals, and that the absence of any further opportunity for hearing constitutes a lack of due process under the Fifth Amendment. We think this argument fails because, in our judgment, the transferee has the right to have the whole matter heard by the Circuit Court of Appeals in the exercise of its power to review (section 1001, Revenue Act of 1926, section 1224, title 26, USCA); and, where a statute expressly gives a right to judicial review of an administrative order before the order can be enforced, there is no room to invoke the "due process" clause. Ben Avon Case, 253 U. S. 287, 289, 40 S. Ct. 527, 64 L. Ed. 908; State of Missouri ex rel. Hurwitz v. North, 271 U. S. 40, 41, 46 S. Ct. 384, 70 L. Ed. 818. It is true that this right of review is expressly given only to the "tax payer" (section 1224, tit. 26, USCA), and that this term is so defined in the act (see section 1262 (a)(9), tit. 26, USCA), that doubt

would naturally exist whether it was intended to include the transferee from whom the tax was being collected; but, even as restricted by this definition, the term "tax payer" is not seriously inaccurate when applied to the involuntary payer of the tax debt, and he has before the Board the rights of a taxpayer. See section 602 (913), Revenue Act of 1928 (26 USCA § 1230). True, the contrary inference would follow, from the opinion of the majority of the Board in the Cappellini Case, 14 B. T. A. 1269, but we cannot agree that any estoppel arises, as the Board there thought. To say that an act may impose an unconstitutional liability and forbid all judicial review except in one way, and then that one who appeals for review in the way provided for him thereby estops himself to deny the validity of the imposition, is, to our minds, an obvious solecism.

Upon the premises we have assumed, to hold that the assessed stockholders have no right to review in this court would be to raise at least serious doubt as to the constitutionality of section 280 (a)(1); and it is a familiar rule that a statute will not be so construed as to raise that doubt, unless there is no other interpretation open. Lucas v. Alexander, 279 U. S. 573, 577, 49 S. Ct. 426, 73 L. Ed. 851, 61 A. L. R. 906.

We do not overlook that, again upon the assumed premises, perhaps power could not be given to the Board of Tax Appeals to find conclusively a fact not normally incidental to the taxing power; e. g., that the owner of property was not a purchaser from the original taxpayer but was a transferee under section 280, and so "liable at law or in equity," and by such finding destroy the efficiency of the judicial review. See Ben Avon Case, supra. That need not be a fatal objection to the theory we are adopting, for the statute does not expressly give to the fact findings of the Board this effect—which is found only by inference [see Collin v. Commissioner [C. C. A. 6] 32 F.(2d) 753, 754]; and such inference would, of course, at once yield if it led to a serious constitutional doubt.

In the consideration of this case, we have had the benefit of a very complete and forceful argument against the constitutionality of section 280 (a)(1), as made in the brief of the amicus curiæ, in Nauts v. Clymer, 36 F. (2d) 207, this day decided.

The decree is reversed and the case remanded, with instruction to dismiss the bill.