## PHILLIPS et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 286.

Circuit Court of Appeals, Second Circuit.

June 9, 1930.

178

The findings of fact and opinion of the Board appear in 15 B. T. A. 1218. The facts were stipulated. In September, 1919, Coombe Garment Company, a Pennsylvania corporation, was dissolved, and all its property was distributed among its eleven stockholders in proportion to their respective holdings. Prior thereto the corporation had filed its returns and paid the taxes therein indicated for the calendar years 1918 and 1919. Subsequently a deficiency tax for each of said years was assessed against the corporation, and on June 16, 1926, the Commissioner notified I. L. Phillips, a former stockholder, that he proposed to assess against him as a "transferee" the entire amount of said deficiency taxes, pursuant to the provisions of section 280 of the Revenue Act of 1926 (44 Stat. 61, 26 USCA § 1069). Said Phillips had received as liquidating dividends more than the amount of said taxes. No proceeding was initiated by the Commissioner to assess or collect from any other stockholder. The executors of the estate of I. L. Phillips, deceased, petitioned the Board of Tax Appeals for a redetermination, but the Board confirmed the Commissioner's action.

Herman Goldman, of New York City (Milton J. Levitt and Arthur Rothstein, both of New York City, of counsel), for appellants.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John Vaughan Groner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondents.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The appellants first challenge the constitutionality of section 280 of the Revenue Act of 1926 (26 USCA § 1069), and secondly assert that, even if it be constitutional, their liability is only for a pro rata share of the corporation's unpaid taxes.

■ Before passing to a consideration of these primary contentions, it is necessary to dispose of a jurisdictional question, although not urged by the appellee. That question is whether a "transferee" is given the same right of judicial review of the Board's decision as is a "taxpayer." The statute provides for review by the court upon petition filed by "either the Commissioner or the taxpayer" (26 USCA § 1224); and it may be argued that by the language of section 280 (26 US CA § 1069) Congress has differentiated between taxpayers and transferees by referring to the liability of the latter as "the liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * * imposed upon the taxpayer." But section 280 directs that the liability of the transferee shall be "assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter"—language which indicates, in our opinion, a clear intention to give to a transferee the same right as a taxpayer in respect to seeking a review of a proposed assessment by appeal to the Board of Tax Appeals and to the court. The precise point now under consideration was discussed in Routzahn v. Tyroler, 36 F.(2d) 208 (C. C. A. 6), and we agree with the view there expressed that the statutory definition of "taxpayer" (26 USCA § 1262) is not seriously inaccurate as applied to a transferee. This view finds added support in the language of the Supreme Court in United States v. Updike, 50 S. Ct. 367, 369, 74 L. Ed. 984, decided May 19, 1930, where Mr. Justice Sutherland said:

"Indeed, when used to connote payment of a tax, it puts no undue strain upon the word 'taxpayer' to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax."

We conclude, therefore, that the appellants are rightfully here.

■■ The constitutionality of section 280 is attacked upon the ground (1) that it confers judicial powers upon an administrative officer; and (2) deprives the transferee of his property without due process of law in violation of the Fifth Amendment. There is not lacking judicial authority in support of these contentions. Owensboro, etc., Co. v. Lucas, 18 F.(2d) 798 (D. C. W. D. Ky.); Mid-Continent Petroleum Corp. v. Alexander, 35 F. (2d) 43 (D. C. W. D. Okl.); cf. Felland v. Wilkinson, 33 F.(2d) 961, 962 (D. C. W. D. Wis.). But see Routzahn v. Tyroler, supra; see, also, "The Constitutionality of the Transferee Provisions of the Revenue Acts," 29 Columbia Law Rev. 1052. In our opinion the section is valid. Due process is afforded because a hearing is provided before this court in the event of dissatisfaction with the determination of the Board of Tax Appeals, to say nothing of the alternative remedy of an action to recover the tax after payment. Nor is judicial power improperly delegated. That the collection of taxes by summary process is a remedy which antedates the Constitution and does not violate its provisions as to the separation of powers is a doctrine too well established to require the citation of authorities. Nor is such summary procedure confined to the collection of taxes qua taxes. It extends to collection of a debt due the government from a defaulting collector of customs and his sureties. Den ex°dem. Murray v. Hoboken Land, etc., Co., 18 How. 272, 15 L. Ed. 372. Within the principles ably discussed by Mr. Justice Curtis in that case, we think the procedure provided by section 280 (26 USCA § 1069) is sustainable. That section, as said by the Supreme Court in United States v. Updike, supra, "prescribes a mode of procedure against transferees of the property of a taxpayer." There is every reason for having the preliminary steps administrative and summary because that is the only efficient method of collecting promptly the tax due from the transferor, when he has made direct collection impossible by transferring his property. Enforcement of the transferee's liability by court process had been found ineffective to prevent loss of revenue and tax evasion. So Congress provided a new and summary procedure. See House

Rep. No. 2, 70th Cong., pp. 31, 32. That the obligation of the transferee is not directly and primarily to pay his own tax, but is based upon his "liability at law or in equity" to pay the tax of another should make no difference, in our opinion, in the validity of the procedure Congress has provided for collection. The Commissioner's determination of the transferee's liability, and the extent of it, is not different in kind from the auditing of the amount due from the defaulting collector in Murray's Lessee. That which is paid results in the end in the collection of a tax, though from the transferee rather than from the person originally liable. It is a method of collecting revenue; and, though summary, it does not operate so harshly upon the transferee, in view of the recourse he may have to the courts to correct administrative errors, as to fall outside the pale of permissible legislation.

Having determined that the section is constitutional, it becomes unnecessary for us to consider the Commissioner's contention that, by availing of its provisions in seeking a redetermination by the Board of Tax Appeals, the appellants are estopped from questioning its constitutionality—a doctrine which was accepted in Cappellini v. Commissioner, 14 B. T. A. 1269, and followed by the Board in the decision now under review, but disapproved in Routzahn v. Tyroler, supra.

■ There remains the question of the extent of the appellants' liability. They contend that it is limited to their decedent's pro rata share of the corporation's tax, while the Commissioner contends that each stockholder is severally liable up to the amount of the liquidating dividend he received. The Commissioner's contention is correct. Bartlett v. Drew, 57 N. Y. 587, is precisely in point. This was an action in the nature of a creditor's bill brought by a judgment creditor of a New Jersey corporation, after the return of an execution unsatisfied, to reach money distributed by the corporation to Drew, a large stockholder and a resident of New York. Drew contended that the suit could not be maintained against him alone, but all stockholders must be brought in to the end that each might contribute his proportion to the payment of the plaintiff's debt. The court rejected this contention, saying:

"* * * It is a very plain proposition that the stock and property of every corporation is to be regarded as a trust fund for the payment of its debts, and its creditors have a lien and the right to priority of payment over any stockholder. (2 Story Eq.

Jur., § 1252.) Where stock and property has been divided between stockholders before all the debts of the corporation have been discharged, if any one stockholder is compelled to pay more than his fair share of any unpaid debt he may resort to his associates for equitable contribution; but with that proceeding the creditor has nothing to do, unless he chooses to intervene to settle equities that may exist between his debtors." Page 589 of 57 N. Y.

"* * * The defendant, Drew, is found to be in possession of assets of the dissolved or insolvent corporation more than sufficient to pay the plaintiff her demand, and the law requires that he should pay it." Page 591 of 57 N. Y.

This case was followed in Hastings v. Drew, 76 N. Y. 9, and Singer v. Hutchinson, 183 Ill. 606, 56 N. E. 388, 75 Am. St. Rep. 133. See, also, Kimbrough v. Davies, 104 Miss. 722, 61 So. 697; Williams v. Commercial Nat. Bank, 49 Or. 492, 90 P. 1012, 91 P. 443, 11 L. R. A. (N. S.) 857; Fletcher, Corporations, § 5060 and section 4127, where it is said that the weight of authority is in accord. The Bartlett Case was cited with approval in Hatch v. Dana, 101 U. S. 205, 212, 25 L. Ed. 885, which allowed recovery by a creditor from a single stockholder of the latter's unpaid stock subscription, for which no call had been made by the corporation, against defendant's objection that all stockholders should be joined.

It is true that by cross-bill the stockholder who is sued may bring in other stockholders and obtain contribution. Fletcher, Id. § 4102. This is a matter of procedure to avoid a multiplicity of suits and do complete justice between all the parties concerned. But the extent of the defendant's liability to the creditor is not diminished by the fact that defendant may have a right of contribution, which, for convenience, may be enforced in the creditor's suit rather than in an independent action. This is demonstrated beyond question, to our minds, by appellants' concession that, if other stockholders are insolvent or beyond the jurisdiction, the creditor need not pursue them, and the liability of stockholders who are parties will be correspondingly increased beyond their pro rata shares of the creditor's claim. The liability of one who receives corporate assets impressed with a trust for payment of corporate debts extends to the full value of such assets. That there may be rights of contribution if those assets are taken from him does not diminish his liability nor concern the

creditor. See Hatch v. Dana, 101 U. S. 205, 214, 25 L. Ed. 885; Marsh v. Burroughs, 1 Woods, 463, 468, Fed. Cas. No. 9112. If United States v. Armstrong, 26 F.(2d) 227 (C. C. A. 8), can be thought contrary to this conclusion, we cannot yield to it.

Section 280 of the Revenue Act of 1926 (26 USCA § 1069) permits the Commissioner to collect from a transferee according to his "liability" and without regard to rights of contribution he may have against others. With such rights the government is not concerned in its collection of revenue. They are not affected by the Commissioner's action and may be prosecuted in the proper forum.

The order of the Board is affirmed.