## JAFFEE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10.

Circuit Court of Appeals, Second Circuit.
Dec. 8, 1930.

Harry T. Lore, of Washington, D. C. (Harvey L. Rabbitt, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Helen R. Carloss, Sp. Assts. to Atty. Gen., C. N. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ The petitioner claims that all waivers signed by Charles D. Jaffee are invalid because he was not shown to have had authority to execute them in behalf of the taxpayer, Schwartz & Jaffee, Inc. As the statutory period within which the assessment could be made had expired before April, 1926, it is apparent that, if the waivers are invalid, the assessment was void.

■ Upon the dissolution of the corporation March 8, 1922, the winding up of its affairs devolved, under the New York law, upon its board of directors, and its corporate existence was continued only for that purpose until, in so far as could be, whatever was due it was collected, its debts paid, and any property remaining was distributed according to law. City of New York v. N. Y. & S. B. F. & S. T. Co., 231 N. Y. 18, 131 N. E. 554, 16 A. L. R. 1059. While it is true that the directors must act as a board, there is no reason whatever to prevent them so acting in the appointment of agents to perform the detail work involved in winding up the affairs of the corporation. This, indeed, would be the only feasible way for them to act in many, probably most, instances.

■ While there was no express authorization of Charles D. Jaffee by the board to sign the waivers in behalf of the corporation, the record does show that Touche, Niven & Co. were

authorized by the board to handle federal tax matters, and clearly the adjustment of taxes was one of the things necessary to the winding up of the corporate business and within the scope of action of the board of directors. After Jaffee signed these waivers, the liquidating agents affixed the corporate seal to them. They acquiesced in what he had done without protest or objection. The corporation got whatever benefit might result from a more careful audit by the bureau, and the corporation, together with its board of directors, received whatever advantage was thereby to be gained. When the first waiver was signed, the government gave up the right it then had to assess the 1919 taxes within the statutory period, and when the last waivers were signed it gave up the right it then had to assess the 1920 taxes before the limitation of the statute had run. The board of directors could not, as it did, turn over its tax matters to agents authorized to handle them and by shutting its eyes avoid the consequences of what the agent did, learned or acquiesced in within the scope of its authority.

Beyond question an agent duly authorized to handle federal tax matters was authorized to execute waivers in furtherance of such business [compare Liberty Baking Co. v. Heiner (C. C. A.) 37 F.(2d) 703] and notice to it that Charles D. Jaffee had executed the waivers was shown when it appeared that, after he signed them, the waivers were sent to the tax agents who had the corporate seal and attached it to them. Under such circumstances, of course, notice to the agents was notice to the principal (Jefferson County National Bank v. Dewey et al., 197 N. Y. 14, 90 N. E. 113; Armstrong v. Ashley, 204 U. S. 272, 27 S. Ct. 270, 51 L. Ed. 482; Smith et al. v. Ayer et al., 101 U. S. 320, 25 L. Ed. 955); and the signing of these waivers by Jaffee was not only thus acquiesced in [see U. S. v. Kemp (C. C. A.) 12 F.(2d) 7] by the board of directors through its agents, but the agents actually participated in the execution of which his signing was a part. The waivers are as valid as though executed by the board of directors.

The petitioner claims, however, that, as the last two waivers, as distinguished from the first which extend the time both for assessment and collection, extended the time for assessment only, the time limited for collection has expired. These waivers were received at the Treasury Department December 31, 1925, and signed by the Commissioner. At that time the Revenue Act of 1924 was in effect; no assessment had been made; the statutory period for assessment of the earlier taxes, as extended by the waiver, had not expired; and the time for assessment of the later taxes, unextended by waiver, had not expired. The waivers extended the time for assessment to December 31, 1926. Assessment was made in April, 1926. The government accordingly had six years from that date in which to collect. Revenue Act of 1924, c. 234, § 278(d), 43 Stat. 299 (26 USCA § 1061 note); Revenue Act of 1926, c. 27, § 278(d), 44 Stat. 59 (26 USCA § 1061); Revenue Act of 1928, c. 852, § 506(a), 45 Stat. 870 (26 USCA § 1061); Florsheim Bros. Co. v. U. S., 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542.

In Joy Floral Co. v. Commissioner, 58 App. D. C. 277, 29 F.(2d) 865, it was held that a waiver executed after the statutory period had run would not serve, but here the waivers were executed before the statutory period, in one instance, and in the other, before the statutory period as extended by a former waiver, had run.

The petitioner has also argued that section 280 of the Revenue Act of 1926, under which his liability as a transferee is asserted, is unconstitutional, but, in view of what we have recently said on that subject in Phillips v. Commissioner (C. C. A.) 42 F.(2d) 177, it is unnecessary to discuss it here.

The order of the Board is affirmed.